1  LATHAM & WATKINS LLP
   Daniel M. Wall (SBN 102580)
2  Christopher S. Yates (SBN 161273)
   Aaron T. Chiu (SBN 287788)
3  505 Montgomery Street, Suite 2000
   San Francisco, California 94111-6538
4  Telephone: 415.391.0600
   Facsimile: 415.395.8095
5  Email: Dan.Wall@lw.com
          Chris.Yates@lw.com
6         Aaron.Chiu@lw.com

7  Attorneys for Defendant
   Fédération Internationale de Natation
8

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  SAN FRANCISCO DIVISION

12

| | |
|---|---|
| THOMAS A SHIELDS, MICHAEL C. ANDREW, and KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | CASE NO. 3:18-cv-07393-JSC<br><br>**DEFENDANT FÉDÉRATION INTERNATIONALE DE NATATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date: May 23, 2019<br>Time: 9:00 AM<br>Place: Courtroom F, 15th Floor<br><br>The Honorable Jacqueline Scott Corley |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT FÉDÉRATION INTERNATIONALE DE
NATATION'S REPLY ISO MOTION TO DISMISS
CASE NO. 3:18-CV-07393-JSC

## I. INTRODUCTION

Plaintiffs' opposition to FINA's motion to dismiss spans a single page and does not respond substantively to any arguments challenging their Complaint—namely, the arguments focusing on named Plaintiffs Thomas A. Shields, Michael C. Andrew, Katinka Hosszú, and the putative class of top-tier international swimmers they represent. Instead, Plaintiffs "incorporate by reference" the brief filed by International Swimming League ("ISL") in opposition to FINA's motion to dismiss in *International Swimming League, Ltd. v. Federation International de Natation*, No. 3:18-CV-07394-JSC (N.D. Cal.) ("*ISL v. FINA*"), and "reassert the arguments as if they were Plaintiffs' own." Opp. 1. This is improper. Incorporating by reference arguments made by another party in another case is not permitted, and such arguments are not considered properly raised in this case. *See Whitlock v. Pepsi Americas*, 681 F. Supp. 2d 1116, 1120 (N.D. Cal. 2010); *Bobbleheads.com, LLC v. Wright Brothers, Inc.*, 259 F. Supp. 3d 1087, 1102 n.6 (S.D. Cal. 2017).

While this case is a variant of ISL's case against FINA, it differs in that Plaintiffs seek to represent a putative class of top tier international swimmers from around the world. Their Complaint therefore contains certain variations in its allegations regarding the alleged global restraint of trade that purportedly precluded the swimmers from earning what they otherwise would in a competitive global market for top-tier swimming competitions. Beyond asserting arguments common to ISL's case, FINA's motion to dismiss addressed how the swimmer-specific allegations in Plaintiffs' Complaint were also legally insufficient to confer personal jurisdiction over FINA. *See* Mot. to Dismiss at 1–2, 8–12 (Dkt. 19). By improperly incorporating ISL's opposition in its entirety, Plaintiffs have effectively failed to raise (and waived) any opposition to FINA's motion to dismiss. And Plaintiffs surely have not responded to any of the arguments specifically relating to their own Complaint. The Court should dismiss Plaintiffs' Complaint.

## II. ARGUMENT

In order to respond to FINA's motion to dismiss, it was incumbent upon Plaintiffs to raise their own arguments in an opposition to the motion to dismiss here. Instead, Plaintiffs incorporate by reference entirely the opposition to FINA's motion to dismiss in another case, *ISL v. FINA*, filed by another plaintiff, ISL. *See* Opp. 1. That approach is impermissible; by undertaking in it,

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT FÉDÉRATION INTERNATIONALE DE
NATATION'S REPLY ISO MOTION TO DISMISS
CASE NO. 3:18-CV-07393-JSC

Plaintiffs have failed to adequately oppose FINA's motion.[1] *See Whitlock*, 681 F. Supp. 2d at 1120 ("As an initial matter, it is wholly improper to incorporate by reference an opposition brief filed in another case."); *Bobbleheads.com, LLC*, 259 F. Supp. 3d at 1102 n.6 (declining to consider arguments presented in related motion to dismiss because "if those arguments and authorities were critical to Defendants' present motion, they should have appeared in their opening memorandum in *this* case"); *Joe Hand Promotions, Inc. v. Bragg*, No. 13-CV-02725-BAS(KSC), 2016 WL 773223, *2 (S.D. Cal. Feb. 29, 2016) (despite pending motion to consolidate cases, court "decline[d] to allow [plaintiff] to incorporate by reference [an opposition] filed in a different, as of yet, unrelated, case").

In any event, Plaintiffs' complete reliance on the *ISL* brief as a satisfactory opposition to FINA's challenge to this case is also misplaced. While the bases underlying its motion to dismiss in *ISL* also apply here, FINA advanced separate arguments specific to Plaintiffs' claims, given that they are made on behalf of a putative class of international top-tier swimmers and not a single entity like ISL. *See* Mot. at 1–2 ("Of necessity, we reassert and explain all of the bases for dismissal here; however, we focus this Motion on the variations between the two cases"). For example, Plaintiffs allege that FINA "controlled the conduct" of U.S. swimmers who compete in FINA-sanctioned events, and "directly threatened its swimming federation members and swimmers, including those in the United States, with sanctions" if they coordinated with ISL or participated in ISL events. Compl. ¶ 19; Mot. at 7. These allegations, beyond those challenged in FINA's *ISL* motion, do not constitute "purposeful direction" by FINA of any conduct at the United States, and could not establish specific personal jurisdiction over FINA. *See* Mot. at 8–10. As FINA explained in its Motion, "[t]he presence of American swimmers in this lawsuit and allegations about the *effect* of FINA's conduct on them are also insufficient to establish that FINA engaged in any forum-related activity giving rise to Plaintiffs' claims." Mot. at 11–12 (citing and challenging specific allegations from Plaintiffs' Complaint). Further, Plaintiffs' proposed class definition, which includes "[a]ll natural persons who are eligible to compete in swimming world

---

[1] While this case and the *ISL* case arise from the same dispute, Plaintiffs have not sought to relate them per N.D. Cal. Civil Local Rule 3-12.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT FÉDÉRATION INTERNATIONALE DE
NATATION'S REPLY ISO MOTION TO DISMISS
CASE NO. 3:18-CV-07393-JSC

1  championship and Olympic Game competitions," and could include "hundreds of members" who "reside[] in multiple countries," confirms that FINA's conduct was not expressly aimed at the United States. Mot. at 12 n. 6 (citing Compl. ¶¶ 129–130). These arguments, in addition to others, have gone unanswered. By relying solely on the *ISL* opposition—which does not address any of these *Shields*-specific arguments—Plaintiffs fail to raise any meaningful counter-argument as to why their own allegations sufficiently establish specific jurisdiction over FINA. The failure to address arguments about the parties specific to *this* case "is tantamount to a failure to oppose the motion." *Whitlock*, 681 F. Supp. 2d at 1120; *see also Martin v. CSAA Ins. Exch.*, 300 F. Supp. 3d 1067, 1072 (N.D. Cal. 2018) (holding that because plaintiffs "d[id] not respond" to an argument made by the defendant, "[t]hey have therefore conceded the point").

Further, ISL attempted to respond to the jurisdictional and substantive challenges raised by FINA in the *ISL v. FINA* case by rewriting its theory of the case and mischaracterizing its own pleaded allegations to transform the case—which is about an alleged international boycott of ISL stemming from the canceled ISL swimming competition in Turin, Italy—into one about a proposed ISL competition in Las Vegas. Notwithstanding the problems with that approach in the *ISL* case, that U.S.-based thematic pivot is even less apt here, particularly when the putative class of international swimmers allegedly suffered injuries as a result of FINA's monopolization and monopsonization of a *global market* for top-tier international swimming competitions. Compl. ¶¶ 102, 108, 116, 121 ("Necessarily, top-tier international swimming competitions that rely on the swimmers' services include swimmers from multiple nations and are held throughout the world."). Without more, the ISL opposition simply does not make sense as a response to FINA's challenges to Plaintiffs' Complaint.

### III.  CONCLUSION

For the foregoing reasons, and the reasons set out in FINA's Motion to Dismiss (Dkt. 19), Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

//
//
//

Dated: May 9, 2019

Respectfully submitted,

LATHAM & WATKINS LLP
  Daniel M. Wall
  Christopher S. Yates
  Aaron T. Chiu


By   /s/ Daniel M. Wall
     Daniel M. Wall

Attorneys for Defendant
Fédération Internationale de Natation

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT FÉDÉRATION INTERNATIONALE DE
NATATION'S REPLY ISO MOTION TO DISMISS
CASE NO. 3:18-CV-07393-JSC