UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SHIELDS, MICHAEL C. ANDREW, and KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | Case No. 18-cv-07394-JSC<br>Case No: 18-cv-07393-JSC<br><br>**ORDER RE: TIME FRAME DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 122 |
| INTERNATIONAL SWIMMING LEAGUE, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | |

Now pending before the Court is a joint discovery dispute letter brief. (Dkt. No. 122.) FINA has agreed to produce responsive documents from September 2017 through June 2019. Plaintiffs seek to require FINA to produce responsive documents from early 2017 or 2016 through the present. After considering the parties' submission, the Court concludes that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES Plaintiffs' request without prejudice.

The parties frame the issue as simply involving the time frame, but based upon Plaintiffs' arguments, some documents during the extended time frame may be relevant and should be produced while others' relevance may be too attenuated to make their production proportional to

the needs of the case. It depends on the specific documents Plaintiffs seek. For example, some documents related to the proposed Ring of Fire competition may be discoverable, whereas documents related to IOC discussions with FINA that do not involve ISL may not. Similarly, with respect to post-June 2019 documents, documents related to FINA efforts to dissuade others from doing business with ISL may be relevant, but as the Court does not know the scope of Plaintiffs' requests, it cannot rule that the proposed time frame is appropriate for all requests.

Accordingly, Plaintiffs' motion to compel FINA to produce responsive documents from 2016 through the present is DENIED without prejudice. Any renewed motion must identify specific requests/topics and the time frame relevant to that specific request and explain why requiring FINA to search for and produce such documents is relevant to a claim or defense in this lawsuit. However, no renewed motion may be brought without the parties first meeting and conferring by video about Plaintiffs' specific requests.

This Order disposes of Docket No. 122. The Court will address the administrative motion to seal once FINA files its declaration in support of sealing as required by N.D. Cal. Civ. L.R. 79-5. The Court expects that in filing its declaration, FINA will follow the guidance the Court has given in its rulings on other sealing motions.

**IT IS SO ORDERED.**

Dated: July 22, 2020

                                                                                          _____
                                                                                          JACQUELINE SCOTT CORLEY
                                                                                          United States Magistrate Judge