UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. SHIELDS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FÉDÉRATION INTERNATIONAL DE NATATION,<br><br>    Defendant. | Case No. 3:18-cv-07393<br><br>Case No. 3:18-cv-07394<br><br>**ORDER RE: PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Dkt. No. 135 |
| INTERNATIONAL SWIMMING LEAGUE LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>FÉDÉRATION INTERNATIONAL DE NATATION,<br><br>    Defendant. | |

Plaintiffs move to file under seal documents submitted in support of their Joint Letter Brief regarding parties' discovery dispute ("Letter Brief") obtained from Defendant through discovery, and that Defendant designated as "confidential" under the parties' stipulated Protective Order. Plaintiffs also move to file under seal certain portions of the Letter Brief that reference the documents at issue. Plaintiffs submit the declaration of counsel Joshua W. Malone, who attests that Plaintiffs were required to file the material under seal pursuant to "Paragraph 13.3 of the Protective Order[.]" (Dkt. No. 135-1 at ¶ 4).

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to

File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

To date, the designating party has not filed a responsive declaration to the above-referenced motion.  Having considered the submission of the parties and for the reasons stated above, the Court DENIES Plaintiffs' administrative motion to seal.

The Court notes that this is the third motion in a row in which Defendant has not bothered to defend its confidentiality designations.  At the August 6 hearing Defendant should be prepared to address why the Court should not vacate all of Defendant's confidentiality designations and order it to re-designate only those documents on which it intends to defend its designation.  The Court is also open to any other suggestions that will reduce the waste of the parties' and Court's time caused by Defendant's over-designation.

**IT IS SO ORDERED.**

Dated: August 5, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2