UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD,<br><br>     Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>     Defendant. | Case No. 18-cv-07394-JSC<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 180, 181-4 |
| THOMAS A. SHIELDS, et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>     Defendant. | |

Now pending before the Court are two discovery dispute joint letter briefs. (Dkt. Nos. 180, 181-4.) After carefully considering the letters and attached exhibits, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

**A. Dkt. No. 180.** Plaintiffs' request for FINA's Short Course Worlds financial documents from 2018 to the present is denied. There is no material difference between the Short Course Worlds event series and the World Championships. The Court's previous ruling turned on the longstanding nature of the World Championships and that swimmers are competing on behalf of their country federation rather than individual teams. Both factors apply equally to the Short Course Worlds event series. Plaintiffs' request is also overbroad given that it seeks "all documents and communications." In any event, even if the burden of production was slight, given the acrimonious relationship between FINA and ISL, the Court is sensitive to requiring production

of confidential information with, at best, only slight potential relevance.

**B. Dkt. No. 181-4.** Plaintiffs' motion to compel FINA to produce a Rule 30(b)(6) deponent on Topic No. 30 is granted. FINA's knowledge of concerns or criticisms of Mr. Marculescu's ISL strategy is relevant to FINA's intent. FINA's objection that Plaintiffs seek binding corporate testimony about unspecified persons' individual opinions and perceptions about Mr. Marculescu is not well taken. Plaintiffs do not seek uncommunicated opinions or perceptions; rather, the topic seeks FINA's knowledge of concerns or criticisms. Plaintiffs also do not seek to attribute the subjective personal opinions of individual people to FINA. The question does not ask FINA to inquire as to how a group of individuals viewed its Executive Director—the question asks for communications. Thus, if a volunteer member of FINA's Bureau held uncommunicated reservations about FINA's approach to ISL, such reservations are not covered by this topic which asks for "communications."

Plaintiffs' motion to compel testimony on Topic No. 30 is granted as to the limited time frame requested. The request seeks relevant information and FINA's burden objection is not persuasive. If the appropriate answer under oath is already covered by other topics, then there is no additional burden. If there are additional proposed commercial competitions that FINA and IOC discussed then those discussions are relevant to Plaintiffs' claims. The alleged common legal representation is irrelevant to the Court's decision.

Plaintiffs' motion to compel 30(b)(6) testimony regarding Mr. Neuburger is denied. The questions are not appropriate for a 30(b)(6) deposition.

This Order disposes of Docket Nos. 180 and 181-4.

**IT IS SO ORDERED.**

Dated: October 20, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge