UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DIMERCURTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC,<br><br>Defendant. | Case No. 19-cv-04029-JSC<br><br>**ORDER RE DISCOVERY DISPUTES AND MEDIATION SCHEDULING** |

On November 6, 2020, this Court ordered the parties to submit by November 13, 2020 a written statement providing the name of their private mediator and the date of mediation to occur by December 31, 2020. (Dkt. No. 41). The Court did so after the parties missed their September 9, 2020 deadline to do so and had failed to communicate with the Court regarding that missed deadline. On November 13, 2020, Plaintiffs filed a statement alleging that Defendant refused to cooperate with Plaintiffs in complying with this Court's Order and that, as such, the parties had failed to select a date of mediation to occur by December 31, 2020. (Dkt. No. 43). On November 16, 2020, the Court ordered Defendant to show cause why it should not be sanctioned for its refusal to comply with this Court's orders. (Dkt. No. 44.)

Defendant filed a response to this Court's Show Cause Order on November 19, 2020. (Dkt. No. 46.) After reviewing Defendant's response, the Court declines to sanction Defendant at this time. According to Defendant, the parties' mediator, T. Warren Jackson, has provided each party with 3 dates for mediation in January 2021. (*Id.* at 4.) Because the parties have multiple dates available for mediation with Mr. Jackson in January 2021, the parties are ordered to schedule a date of mediation to occur by January 31, 2021. In light of the dates available to the parties for a January 2021 mediation—and the numerous extensions they have been afforded since July 16, 2020 to select a date for mediation (Dkt. No. 35)—the Court will not extend this deadline. The

parties shall submit a joint statement to the Court confirming their date of mediation after scheduling it.  Such statement shall be submitted by December 1, 2020.

Defendant's response also alludes to several outstanding discovery disputes that it contends will hinder the parties' ability to have a meaningful mediation. To resolve these disputes before mediation occurs, the parties shall file a joint letter brief with the Court in accordance with the Court's standing order by December 7, 2020.  The parties must meet and confer before filing any joint letter brief.

The Order to Show Cause (Dkt. No. 44) is discharged.

**IT IS SO ORDERED.**

Dated: November 23, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge