UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> FÉDÉRATION INTERNATIONALE DE NATATION, <br><br> Defendant. | Case No. 18-cv-07394-JSC <br> Case No.  18-cv-07393-JSC <br><br> **ORDER RE PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER ROGATORY TO CENTRAL AUTHORITY OF UNITED KINGDOM** <br><br> Re: Dkt. No. 192 |
| THOMAS A. SHIELDS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FÉDÉRATION INTERNATIONALE DE NATATION, <br><br> Defendant. | |

Now before the Court is Plaintiffs' motion for issuance of a letter rogatory pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b).  (Dkt. No. 192).[1] Plaintiffs' proposed letter rogatory seeks the deposition testimony of British Swimming's Chief Executive Officer Jack Buckner.  (*Id.* at 3.)  Defendant has not filed an opposition to Plaintiffs' motion.  After consideration of Plaintiffs' motion, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the December 3, 2020 hearing, and GRANTS Plaintiffs' motion.

---

[1] Record citations are to material in the Electronic Case File ("ECF") in Case. No. 18-cv-07394-JSC; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**LEGAL STANDARD**

A letter rogatory is a formal request "from a court in which an action is pending[] to a foreign court to perform some judicial act." 22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness"). The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory. *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . . under a letter of request, whether or not captioned a 'letter rogatory[.]'"). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp*., No. C 11-02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc*., No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id*. (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

**DISCUSSION**

Plaintiffs request the issuance of a letter rogatory to depose Mr. Buckner, asserting that his testimony is relevant to prove Defendant "operated an antitrust scheme" that was global in nature and "aimed at influen[cing] swimming bodies aside from just USA Swimming." (Dkt. No. 192 at 3.) The Court agrees. Mr. Buckner's testimony may reveal information regarding Defendant's alleged efforts to pressure British Swimming against associating with ISL, including its decision

not to host an ISL event, that is relevant to Plaintiffs' claims regarding FINA's anticompetitive conduct. *See* Fed. R. Civ. P. 26(b)(1).  Additionally, the requested discovery does not run afoul of Rule 26(b)(2)(C), which provides that courts "must limit the frequency or extent of discovery otherwise allowed" if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Here, there is no alternative source of the information sought.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for issuance of a letter rogatory. The Court will sign and affix its seal to the letter rogatory submitted and return the letter with original signatures and seals to Plaintiffs' counsel for forwarding to the United States Department of State.

This Order disposes of Dkt. No. 192.

**IT IS SO ORDERED.**

Dated: November 23, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge