UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD,<br><br>Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | Case No. 18-cv-07394-JSC<br>Case No. 18-cv-07393-JSC<br><br>**ORDER RE DEPOSITION DISCOVERY DISPUTE & ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 221 |
| THOMAS A. SHIELDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | |

Before the Court is the parties' discovery dispute joint letter brief regarding the deposition of 4 FINA witnesses ("Letter Brief"), as well as Plaintiffs' administrative motion to file excerpts of the Letter Brief under seal. (Dkt. Nos. 221 & 221-4.) After carefully considering the Letter Brief and administrative motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

**I.    Discovery Dispute Letter Brief**

Plaintiffs request the production of 4 FINA Executive officers for deposition: President Julio Maglione, and Vice Presidents Paolo Barelli, Husain Al-Musallam, and Sam Ramsamy. FINA has refused to produce these officers for deposition on the grounds that Plaintiffs must first comply with the Hague Convention and letter rogatory process in order to obtain their deposition

testimony. (Dkt. No. 221-4 at 8.)

Under Federal Rule of Civil Procedure 30, "if the corporation is a party, the [deposition] notice compels it to produce any 'officer, director or managing agent' named in the deposition notice." *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No. 15-cv-02288-SBA (EDL), 2016 WL 8222618, at *2 (N.D. Cal. June 30, 2016) (internal quotation and citation omitted); *see also Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013) ("If the party seeking the deposition wishes to depose a specific employee of the corporation, it may identify a specific officer, director or managing agent to be deposed and notice that person under [Rule] 30(b)(1)."). "Foreign nationals who qualify as managing agents of a party may be subject to deposition pursuant to notice." *Calderon*, 290 F.R.D. at 517.

Courts consider the following factors to determine if a proposed witness is a "managing agent" and thus subject to a noticed deposition:

> (1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation.

*In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR), 2015 WL 5440789, at *5 (N.D. Cal. Sept. 15, 2015) (citing *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 632 (D. Idaho 2012) (emphasis removed). The Court considers these factors in turn.

**a. General Powers & Exercise of Judgment**

Each officer is a member of FINA's Executive. The Executive is composed of 9 members elected from the FINA Bureau, a body of 25 representatives from FINA's continental member federations. As members of the FINA Executive, these officers—President Maglione and Vice Presidents Barelli, Al-Musallam, and Ramsamy —implement FINA's annual business plan and its long-term strategic plans. (Dkt. No. 221-4 at 9.) While FINA argues that the Executive's work is "defined and approved by the Bureau," FINA concedes that the Executive can and is responsible for issuing decisions on the application of FINA Rules. (*Id.* at 10.)

2

Because the Executive is responsible for issuing decisions regarding FINA Rules and these witnesses are Executive members, the Court finds that they have "general powers allowing [them] to exercise judgment and discretion" in FINA matters, *see In re Lithium Ion Batteries*, 2015 WL 5440789, at *5, and therefore the first factor weighs in favor of finding that the officers are managing agents of FINA.

### b. Witnesses' Testimony

There is no question that the witnesses Plaintiffs seek to depose "can be expected to identify with [FINA's] interests as opposed to [Plaintiffs' interests.]" *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 541 (D. Md. 1996). Mr. Maglione is FINA's President, and the remaining witnesses are FINA Vice Presidents. *See id.* ("As a present employee, [the witness] continues to maintain an "identity of interest" with Honda."). FINA argues that these witnesses are representatives of their national federations and only serve FINA in a "volunteer capacity." (Dkt. No. 221-4 at 11.) However, these witnesses are elected members of the FINA Executive, and accordingly they "do not share adverse interests [with FINA] such that [they] could not be relied on to testify as [its] managing agent[s]." *Odsather v. Fay Servicing, LLC*, No. C18-0289-JCC, 2019 WL 11005500, at *1 (W.D. Wash. Jan. 10, 2019) (citation omitted).

FINA additionally argues that at one time Mr. Barelli, President of the Italian Swimming Federation, aligned with ISL and argued on its behalf that the Turin event was not subject to FINA Rule BL 12.3. (Dkt. No. 221-4 at 11.) However, an individual's status as a managing agent is "determined [at] the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 49 (E.D. Va. 2010) (citation omitted). Therefore, any past affiliation Mr. Barelli had with ISL is of no moment in the Court's analysis.

### c. Officers of Higher Authority

Plaintiffs seek to depose FINA's President and 3 Vice Presidents. Given their status as elected members of FINA's Executive, the Court finds that there are no officers of higher authority at FINA regarding the information Plaintiffs seek.

3

FINA argues that—despite the witnesses' titles and responsibilities as members of the Executive—their "volunteer" status does not support a finding that they are "managing agents" under the third factor. (Dkt. No. 221-4 at 12.) However, the "managing agent" inquiry focuses less on "the title or status of an individual within the corporation[,]" and more on an individual's "duties and responsibilities respecting the subject matter of the litigation[.]" *In re Lithium Ion Batteries*, 2015 WL 5440789, at *6 (internal quotations and citation omitted). Therefore, the third factor weighs in favor of finding that the witnesses are managing agents of FINA.

### d. General Responsibilities & Litigation

FINA's 4 witnesses have general responsibilities regarding the matters involved in this litigation. As previously discussed—and as FINA states—as members of FINA's Executive they issued decisions regarding the application of FINA Rules. (Dkt. No. 221-4 at 10.) Furthermore, in September 2018, Mr. Marculescu presented the witnesses Plaintiffs seek to depose with a draft of the October 2018 letter informing FINA member federations of ISL's upcoming Turin event and stating that participation in the event would result in FINA levying "consequences." (Dkt. No. 221-4 at 6.)

FINA attempts to distinguish the FINA Executive from the General Congress, which it claims is FINA's highest authority. However, this factor looks to the individual's responsibilities, and the witnesses' responsibilities regarding the application of FINA's Rules are "highly relevant to this litigation" and Plaintiffs' claims. *Odsather*, 2019 WL 11005500, at *1. Therefore, this factor also weighs in favor of finding that the witnesses Plaintiffs seek to depose are managing agents.

\* \* \*

For the reasons set forth above, the Court finds that President Julio Maglione, and Vice Presidents Paolo Barelli, Husain Al-Musallam, and Sam Ramsamy are managing agents of FINA, and therefore subject to deposition by notice pursuant to Rule 30(b)(1).

## II. Administrative Motion to Seal

Plaintiffs move to file under seal portions of the Letter Brief that reference documents obtained from Defendant through discovery, and that Defendant designated as "confidential"

under the parties' stipulated Protective Order. Plaintiffs submit the declaration of counsel Joshua W. Malone, who attests that Plaintiffs were required to file the material under seal pursuant to "Section XV, paragraph C of the Amended Protective Order[.]" (Dkt. No. 221-1 at 2 ¶ 4).

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id*. at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id*. at 79-5(e)(2).

To date, the designating party has not filed a responsive declaration to the above-referenced motion. Having considered the submission of the parties and for the reasons stated above, the Court DENIES Plaintiffs' administrative motion to seal.

**IT IS SO ORDERED.**

Dated: January 13, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge