UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD, | Case No.  18-cv-07394-JSC |
| Plaintiff, | Case No.  18-cv-07393-JSC |
| v. | |
| FÉDÉRATION INTERNATIONALE DE NATATION, | **ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| Defendant. | Re: Dkt. No. 224 |
| THOMAS A. SHIELDS, et al., | |
| Plaintiff, | |
| v. | |
| FÉDÉRATION INTERNATIONALE DE NATATION, | |
| Defendant. | |

Before the Court is Plaintiffs' administrative motion to file under seal excerpts of the parties' further case management statement (the "Statement").  (Dkt. No. 224.)  Plaintiffs seek to file under seal information regarding Ms. Hosszú's earnings from sponsorship arrangements, certain swimmers' earnings from their role as ISL "ambassadors," and details regarding certain swimmers' profit-sharing arrangements with, or ownership interests in, certain ISL clubs.  (*Id.* at 2.)  For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiffs' motion to seal.

## I.      Legal Standard

There is a presumption of public access to judicial records and documents.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong

1    presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447

2    F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted).  However, in the case

3    of non-dispositive motions and filings that are "only tangentially related[] to the underlying cause

4    of action" *Ctr. for Auto Safety v. Chrysler Grp*., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016)

5    (citation omitted), the public has less need for access these documents.  Therefore, parties moving

6    to seal them need only meet the lower "good cause" standard of Federal Rule of Civil Procedure

7    26(c). *See Kamakana*, 447 F.3d at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1101.  The "good

8    cause" standard requires a "particularized" showing that "specific prejudice or harm will result if

9    the information is disclosed."  *Cont'l Auto. Sys., Inc. v. Avanci*, LLC, No. 19-CV-02520-LHK,

10    2019 WL 6612012, at *1 (N.D. Cal. Dec. 5, 2019) (citing *Phillips ex rel. Estates of Byrd v. Gen.*

11    *Motors Corp*., 307 F.3d 1206, 1210–11 (9th Cir. 2002)).  Under Civil Local Rule 79-5(b), sealing

12    is appropriate only where the requesting party "establishes that the document, or portions thereof

13    is . . . entitled to protection under the law," or "sealable."  N.D. Cal. Civ. L.R. 79-5(b).

14        Plaintiffs seek to seal excerpts from the parties' Statement.  The Statement is discovery-

15    related; moreover, it is not substantively related to the case's merits, *see Ctr. for Auto Safety*, 809

16    F.3d at 1100-01, nor does it "affect [the] litigants' substantive rights," *id.* (internal quotation

17    marks and citation omitted).  Therefore, the "good cause exception"—rather than the "presumptive

18    compelling reasons standard"—applies to Plaintiffs' administrative motion to file under seal.  *Id.*

19    at 1097 (internal quotation marks and citations omitted).  Consequently, the Plaintiffs' "private

20    interests . . . are the 'only weights on the scale'" in sealing the requested material.  *Cont'l Auto.*

21    *Systems*, 2019 WL 6612012, at *2 (quoting *Ctr. for Auto Safety*, 809 F.3d at 1097).

22    **II.    Discussion**

23        The motion is narrowly tailored; its supporting declaration identifies specific excerpts of

24    the Statement containing information that Plaintiffs seek to seal.  (Dkt. No. 224-1 at 2.)  *See* N.D.

25    Cal. Civ. L.R. 79-5(b).  Good cause exists to seal excerpts that cite or reference contractual

26    provisions regarding Plaintiffs' profit-sharing arrangements with ISL clubs, as well as information

27    regarding certain swimmers' earnings as ISL league "ambassadors," because Plaintiffs have

28    shown that ISL may be harmed in future negotiations if information regarding these profit-sharing

United States District Court
Northern District of California

2

arrangements—and the identities of swimmers with whom ISL has agreed to share profits—as well as "ambassadorships" is disclosed.  *See Digital Reg of Texas, LLC v. Adobe Sys., Inc*., No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014)  (finding "good cause" to grant sealing motion where document contained information regarding "revenues, payments, technical aspects of licensing agreements and unique material terms" because the information's disclosure would adversely affect the plaintiff's future negotiations); *see also Smith v. Keurig Green Mountain, Inc*., No. 18-CV-06690-HSG, 2020 WL 5630051, at *11 (N.D. Cal. Sept. 21, 2020) (finding good cause to seal portions of documents that contained "confidential business and proprietary information" related to a party's operations).

However, Plaintiffs have not shown that good cause exists to seal the Statement's response to FINA's argument regarding Messrs. Miller's and Pebley's testimony and their lack of "financial incentives"—this excerpt contains no reference to any information regarding any Plaintiff's financial or personal information, nor does it reflect or reference any terms of a profit-sharing arrangement whose disclosure would "specific[ally] prejudice or harm" Plaintiffs. (Dkt. No. 224-4 at 4.)  *Cont'l Auto. Systems*, 2019 WL 6612012, at *1.  Plaintiffs explain that disclosure of Ms. Hosszú's earnings from sponsorship arrangements would harm her in future negotiations with potential sponsors, and as such the Court finds good cause exists to seal excerpts of the Statement that reference these arrangements.  (Dkt. No. 224-4 at 17-18.)  *See Digital Reg of Texas*, 2014 WL 6986068, at *1.  So too would disclosure of information regarding certain Plaintiffs' ownership interests in an ISL team harm ISL in future negotiations, and for this reason Plaintiffs have shown good cause exists to seal excerpts of the Statement that reference or discuss these ownership interests.  (Dkt. No. 224-4 at 18-19.)  *See Digital Reg of Texas*,  2014 WL 6986068, at *1.

## CONCLUSION

For the reasons set forth above, the Court GRANTS in part and DENIES in part Plaintiffs' administrative motion to file under seal.  Plaintiffs shall file an unredacted version of the Statement within 7 days of this Order.

1     **IT IS SO ORDERED.**

2 Dated: January 19, 2021

3

4     JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California