UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD,<br><br>        Plaintiff,<br><br>    v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>        Defendant. | Case No.  18-cv-07394-JSC<br>Case No.  18-cv-07393-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 238, 243, 247, 252 |
| THOMAS A. SHIELDS, et al.,<br><br>        Plaintiff,<br><br>    v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>        Defendant. | |

United States District Court
Northern District of California

Before the Court are the parties' administrative motions to file under seal.  (Dkt. Nos. 238, 243, 247, 252.)[1]  FINA seeks to file under seal excerpts of its letter brief regarding the depositions of third-party swimmers, as well as exhibits attached to its letter filed in response to Plaintiff's letter brief regarding the deposition of these third-party swimmers.  (Dkt. Nos. 238, 247.)  Plaintiffs seek to file under seal excerpts of their letter brief regarding these swimmers' depositions, as well as excerpts of the parties' joint case management statement (the "Statement").  (Dkt. No. 243 & 252.)  After careful consideration of the parties' submissions, the Court rules as

---

[1] Record citations are to material in the Electronic Case File in *International Swimming League, Ltd. v. Fédération Internationale de Natation*, Case No. 3:18-cv-07394-JSC; pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.

set forth below.

## I.     Legal Standard

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Courts generally apply a "compelling reasons" standard when considering motions to seal documents, recognizing that "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d1172, 1178 (9th Cir. 2006) (internal quotations and citations omitted). However, in the case of non-dispositive motions and filings that are "only tangentially related[] to the underlying cause of action[,]" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citation omitted), the public has less need for access these documents. Therefore, parties moving to seal them need only meet the lower "good cause" standard of Federal Rule of Civil Procedure 26(c). *See Kamakana*, 447 F.3d at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1101. The "good cause" standard requires a "particularized" showing that "specific prejudice or harm will result if the information is disclosed." *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, No. 19-CV-02520-LHK, 2019 WL 6612012, at *1 (N.D. Cal. Dec. 5, 2019) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002)). Under Civil Local Rule 79-5(b), sealing is appropriate only where the requesting party "establishes that the document, or portions thereof is . . . entitled to protection under the law," or "sealable." N.D. Cal. Civ. L.R. 79-5(b).

## II.    Administrative Motions to File Under Seal

### a.   FINA's Letter Brief

FINA seeks to file under seal excerpts from its letter brief regarding the depositions of third-party swimmers because Plaintiffs have "designated certain financial information relating to Plaintiffs' contractual relationships as 'Confidential' pursuant to the Amended Stipulated Protective Order[.]" (Dkt. No. 238 at 2.) The letter brief is discovery-related and does not "affect [the] litigants' substantive rights[,]" nor is it substantively related to the case's merits. *Ctr. For Auto Safety*, 809 F.3d at 1100-01 (internal quotation marks and citation omitted). Therefore, the "good cause exception"—rather than the "presumptive compelling reasons standard"—applies to FINA's letter brief. *Id.* at 1097 (internal quotation marks and citations omitted).

United States District Court
Northern District of California

The Court previously determined that good cause existed to seal excerpts and references to contractual provisions regarding Plaintiffs' profit-sharing arrangements with ISL clubs, ownership interests in ISL teams, earnings from sponsorship arrangements, and information regarding Plaintiffs' earnings as ISL league "ambassadors." (Dkt. No. 231 at 2-3.) *See also Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2014 WL 6986068, at *1 (N.D. Cal. Dec. 10, 2014); *Smith v. Keurig Green Mountain, Inc.*, No. 18-CV-06690-HSG, 2020 WL 5630051, at *11 (N.D. Cal. Sept. 21, 2020). So too does good cause exist to seal the excerpts of FINA's letter brief that reference these provisions or arrangements.

### b. Plaintiffs' Letter Brief

Plaintiffs seek to file under seal information regarding Mr. Pebley's personal finances, the details of certain swimmers' ownership interests in ISL clubs, as well as "references to deposition testimony by Ali Khan and Dale Neuberger and a document produced by FINA." (Dkt. No. 243 at 2.) As with FINA's letter brief, Plaintiffs' letter brief is discovery-related and does not affect the litigants' substantive rights or the case's merits; therefore, the "good cause" standard applies to Plaintiffs' letter brief. *See Ctr. For Auto Safety*, 809 F.3d at 1100-01.

Plaintiffs have withdrawn their request to seal information in the letter brief regarding Mr. Marculescu that cites and relates to the depositions of Ms. Hosszú and Mr. Khan. (Dkt. No. 255 at 2 ¶ 5.) Nonetheless, good cause does not exist to seal references in the letter brief to deposition testimony regarding Mr. Marculescu's "threat[s] [to] some swimmers' coaches and parents about their ISL participation," as well as Mr. Neuberger's "meeting with class members after this case was filed [held] without informing putative class counsel." (Dkt. No. 243-4 at 3.) This excerpt does not reference any financial or personal information, nor does it reflect or reference any terms of a profit-sharing arrangement whose disclosure would "specific[ally] prejudice or harm" any party or swimmer. *Cont'l Auto. Systems*, 2019 WL 6612012, at *1. Similarly, the letter brief's statement that Mr. Pebley "work[ed] forty hours a week" betrays no personal or financial information whose disclosure would prejudice or harm Mr. Pebley, *see Cont'l Auto. Systems*, 2019 WL 6612012, at *1, and therefore good cause does not exist to seal it. (Dkt. No. 243-4 at 3.) Nor does Plaintiffs' summary of FINA's "core argument"—that it "must have testimony from

United States District Court
Northern District of California

United States District Court
Northern District of California

1    swimmers who do not have an ownership interest in an ISL team"—warrant sealing under the

2    "good cause" standard because it does not reveal any "unique material terms" of any contractual

3    arrangement regarding specific swimmers' ownership interests, nor does this summary contain

4    any confidential business or proprietary information.  (Dkt. No. 243-4 at 4-5.)  *Digital Reg of*

5    *Texas*, 2014 WL 6986068, at *1; *see also Smith*, 2020 WL 5630051, at *11.

6           Furthermore, good cause does not exist to seal the statement that Mr. Shields, "like Mr.

7    Miller and Mr. Pebley, does not have an ownership stake in an ISL team" because there is no

8    specific prejudice or harm that will result if this information—that these swimmers do *not* have an

9    ownership stake in an ISL team—is disclosed.  In contrast, Plaintiffs have met their burden in

10   showing that swimmers with ISL contracts may be harmed in future business negotiations if the

11   details of these contracts "becomes public knowledge[,]" and as such the Court finds good cause

12   exists to seal excerpts of the letter brief that reference these contractual provisions or the

13   ownership interests swimmers have in ISL teams.  (Dkt. No. 243-4 at 5.)  *See Digital Reg of*

14   *Texas*, 2014 WL 6986068, at *1.  The letter brief's description of a document FINA used at the

15   class representatives' depositions as one that "demonstrates its knowledge of how much the

16   swimmers earned" does not mention the document's content or its specific terms regarding these

17   swimmers' financial and personal information, nor have Plaintiffs established that a "specific

18   prejudice or harm" will result if this broad characterization is disclosed; therefore, this excerpt is

19   undeserving of seal.  (Dkt. No. 243-4 at 5.)  *Cont'l Auto. Systems*, 2019 WL 6612012, at *1.

20   However, explicit references to information from this document regarding Mr. Shield's income

21   satisfy the "good cause" standard and are deserving of seal.  (*Id.*)  *See Digital Reg of Texas*, 2014

22   WL 6986068, at *1.

23          c.   **FINA's Letter Exhibits**

24          FINA seeks to file under seal 2 exhibits—excerpts of the deposition transcripts of Ms.

25   Hosszú and Mr. Khan—attached to its letter filed in response to Plaintiffs' letter brief because

26   Plaintiffs designated these exhibits "'Confidential' pursuant to the Amended Stipulated Protective

27   Order."  (Dkt. No. 247 at 2.)  On February 19, 2021, Plaintiffs' counsel filed a declaration stating

28   that Plaintiffs do not seek to seal "the portions of [these] transcripts that FINA filed with the

4

1    Court," and that "Plaintiffs withdraw the confidentiality designation as to those portions of the

2    transcript[s]."  (Dkt. No. 255 at 2 ¶¶ 3-4.)

3           **d.  The Statement**

4           Plaintiffs move to file under seal certain excerpts of the Statement designated as

5    "confidential" by FINA under the parties' stipulated Amended Protective Order.  Plaintiffs submit

6    the declaration of counsel Joshua W. Malone, who attests that Plaintiffs were required to file the

7    material under seal pursuant to "Section XV, paragraph C of the Amended Protective Order[.]"

8    (Dkt. No. 252-1 at 2 ¶ 4.)

9           Under the Local Rules of this District, where a party seeks to file under seal any material

10   designated as confidential by another party, the submitting party must file a motion for a sealing

11   order.  *See* N.D. Cal. Civ. L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative

12   Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of

13   the designated information is sealable." *Id*. at 79-5(e)(1).  "If the Designating Party does not file a

14   responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File

15   Under Seal is denied, the Submitting Party may file the document in the public record no earlier

16   than 4 days, and no later than 10 days, after the motion is denied." *Id*. at 79-5(e)(2).

17          To date, FINA, the designating party, has not filed a responsive declaration to the above-

18   referenced motion.  Having considered the submission of the parties and for the reasons stated

19   above, Plaintiffs' administrative motion to seal is denied.

20                                  **CONCLUSION**

21          For the reasons set forth above, the Court GRANTS FINA's motion to seal excerpts of its

22   letter brief in its entirety.  Plaintiffs' motion to seal excerpts of its letter brief is GRANTED in part

23   and DENIED in part.  Because Plaintiffs have withdrawn the confidentiality designations on

24   which FINA's second sealing motion depend, FINA shall publicly file the material it sought to

25   seal.  Plaintiffs' administrative motion to seal excerpts of the Statement is DENIED.

26          This Order disposes of Dkt. Nos. 238, 243, 247, 252.

27

28

United States District Court
Northern District of California

1          **IT IS SO ORDERED.**

2     Dated: March 2, 2021

3

4     _____

5     JACQUELINE SCOTT CORLEY
      United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California