UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD, <br><br> Plaintiff, <br><br> v. <br><br> FÉDÉRATION INTERNATIONALE DE NATATION, <br><br> Defendant. | Case No. 18-cv-07394-JSC <br><br> Case No. 18-cv-07393-JSC <br><br> **ORDER RE: FINA EXECUTIVE MEMBERS' DEPOSITIONS** |
| THOMAS A. SHIELDS, et al., <br><br> Plaintiff, <br><br> v. <br><br> FÉDÉRATION INTERNATIONALE DE NATATION, <br><br> Defendant. | |

Before the Court is Plaintiffs' request, filed in connection with the parties' February 19, 2021 Joint Case Management Statement, to increase the number of depositions they may take and to depose FINA Executive members Husain Al Musallam and Sam Ramsamy. (Dkt. No. 252-6 at 3-4.) After carefully considering the parties' submission, the Court rules as set forth below.

I.  **Plaintiffs' Request**

After Plaintiffs take the upcoming depositions of Messrs. Marculescu, Buckner, and Bach, Plaintiffs will have taken 8 depositions; once FINA provides dates for the availability of Messrs. Maglione and Barelli, this "add[s] up to 10 depositions." (*Id.* at 4.) Plaintiffs argue that they require the deposition testimony of Messrs. Al Musallam and Ramsamy because they are "key players" in FINA's Executive and "central players in devising FINA's boycott against ISL[,]" and

1    that for these reasons their depositions are necessary, reasonable, and warrant allowing Plaintiffs
2    more than 10 depositions.  (*Id.*)
3         Federal Rule of Civil Procedure 30(a)(2) presumptively limits the number of depositions
4    that each side may take to 10 depositions.  *See* Fed. R. Civ. P. 30(a)(2) ("A party must obtain
5    leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . .  if the
6    parties have not stipulated to the deposition and . . .  the deposition would result in more than 10
7    depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the
8    third-party defendants[.]").  Under Rule 26(b)(2), "the court may alter the limits in these rules on
9    the number of depositions and interrogatories or on the length of depositions and interrogatories or
10   on the length of depositions under Rule 30."  Fed. R. Civ. P. 26(b)(2)(A).  Rule 30(a)(2)
11   "contemplates that a party has already taken at least some of its ten depositions before a motion is
12   filed seeking leave of court for a proposed deposition that would result in more than ten
13   depositions being taken[.]"  *Martensen v. Koch*, No. C-12-05257 JSC, 2013 WL 11316743, at *1
14   (N.D. Cal. June 19, 2013) (citations omitted).

     In determining whether to allow a party more than 10 depositions, courts consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) (citation omitted).  "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery."  *Id.* (citations omitted).

Regarding the first two factors, deposition testimony from Messrs. Al Musallam and Ramsamy is not unreasonably cumulative or duplicative of other deponents' testimony or other discovery.  For instance, both Messrs. Al Musallam and Ramsamy can provide unique testimony

regarding their personal knowledge of or involvement with any anticompetitive conduct—or the extent to which FINA exerted any anticompetitive pressure—in their respective national regions and federations in their regions, or communications with these federations pertaining to ISL. Moreover, FINA acknowledges that Mr. Al Musallam "attended a critical meeting with an ISL delegation on September 26, 2018" concerning a potential agreement between ISL and FINA. (Dkt. No. 252-6 at 24.) While other FINA Executive members that Plaintiffs will depose have personal knowledge related to the Executive's rule-making functions, Messrs. Al Musallam and Ramsamy have unique, non-duplicative knowledge regarding the enforcement of FINA's rules against ISL. For this same reason, because Messrs. Al Musallam and Ramsamy have unique personal knowledge of how FINA's Executive used or exerted its rule-making authority against ISL during the relevant period—and given their connection to specific national regions—Plaintiffs have lacked "ample opportunit[ies] by discovery in the action to obtain" the information they seek from these particular FINA Executive members. *Authentec, Inc.*, 2008 WL 5120767, at *1. Plaintiffs further aver that Messrs. Al Musallam and Ramsamy have unique personal knowledge regarding FINA's ISL boycott, as well as that they attended specific meetings concerning FINA and the IOC that were not attended by other deponents.

With respect to the third factor, the burden or expense of deposing Messrs. Al Musallam and Ramsamy does not outweigh the depositions' likely benefit. For the reasons set forth above, Messrs. Al Musallam and Ramsamy have unique personal knowledge as to their respective national regions and federations, as well as knowledge of specific meetings concerning FINA, ISL, and the IOC. While FINA argues that—because Messrs. Al Musallam and Ramsamy reside in Kuwait and South Africa, respectively—"these are not easy depositions to accommodate," this alone is not enough to show that the burden of these depositions outweighs their benefit. (Dkt. No. 252-6 at 26.) *See Authentec, Inc.*, 2008 WL 5120767, at *1. In any event, to alleviate burden concerns, the Court orders that such depositions be conducted remotely; that they not exceed three hours; and that they commence no later than 2:00 p.m. in the time zone in which the deponent is located.

3

**CONCLUSION**

For the reasons set forth above, Plaintiffs have made a particularized showing of their need to depose Messrs. Al Musallam and Ramsamy.  *See Authentec, Inc.*, 2008 WL 5120767, at *1. Plaintiffs may depose Messrs. Al Musallam and Ramsamy in accordance with the conditions described above.  No additional depositions will be granted to Plaintiffs.

**IT IS SO ORDERED.**

Dated: March 2, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge