UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL SWIMMING LEAGUE, LTD,<br><br>    Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>    Defendant.| Case No. 18-cv-07394-JSC<br>Case No. 18-cv-07393-JSC<br><br>**ORDER RE: LENGTH OF JULIO MAGLIONE DEPOSITION & ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. Nos. 300, 301 |
| THOMAS A. SHIELDS, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>    Defendant. | |

Before the Court is the parties' joint discovery dispute letter brief regarding the deposition of Julio Maglione, President of Fédération Internationale De Natation ("FINA"). (Dkt. No. 301.)[1] Plaintiffs seek additional time to take Dr. Maglione's deposition after deposing him for approximately 7.5 hours over two sessions. Plaintiffs also submit an administrative motion to file under seal one of their supporting documents. (Dkt. No. 300.) Having the benefit of an informal discovery hearing on May 6, 2021, and after carefully considering the parties' subsequent briefing, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS in PART Plaintiffs' request for additional deposition time. The Court additionally

---

[1] Record citations are to material in the Electronic Case File ("ECF") in *International Swimming League, LTD v. Fédération Internationale De Natation*, Case No. 18-cv-07394-JSC; pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   DENIES Plaintiffs' administrative motion to seal filed in connection with the letter brief.

2   **I.      Discovery Dispute Regarding Length of Julio Maglione Deposition**

3   Plaintiffs took Dr. Maglione's remote deposition on March 24, 2021 and April 29, 2021. (Dkt. Nos. 301-1, 301-2.)  The parties agreed to limit the deposition to three to four hours at a time. (Dkt. No. 301-3 at 4-5.)  An interpreter was present at both sessions to interpret Plaintiffs' counsel's questions from English to Spanish, and Dr. Maglione's testimony from Spanish to English. (Dkt. No. 301-1 at 8-9; Dkt. No. 301-2 at 10.)  The deposition took about 7.5 hours over the two sessions, including the time required to interpret each question and answer.  (*See* Dkt. Nos. 301-1, 301-2.)  Plaintiffs argue that the "halting, painstaking" interpretation, Dr. Maglione's evasiveness in answering questions, and remaining examination topics warrant more deposition time. (Dkt. No. 301 at 3-8.)  They request an additional 7 hours to produce "the amount of testimony consistent with a 7-hour untranslated deposition." (*Id.* at 4.)  FINA argues that the deposition has already covered "every conceivable topic at issue in this case" and that Plaintiffs "spent the final thirty minutes of Dr. Maglione's last deposition session harassing him about companies he is affiliated with in Uruguay and his involvement in things that have absolutely nothing to do with the case." (*Id.* at 8-12.)

While a deposition is ordinarily limited to seven hours, additional time is appropriate "if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1).  Interpretation is a well-accepted factor that may prolong the examination and warrant more time. Fed. R. Civ. P. 30, Advisory Comm. Notes on 2000 Amendment.  Having reviewed the deposition transcript and video recording, the Court finds that interpretation did prolong the examination and reduce the amount of substantive testimony relative to the length of the deposition.  The Court also finds that Plaintiffs' counsel's questioning during the final 30 minutes of the deposition did not harass Dr. Maglione.  Rather, the questioning as to Dr. Maglione's current employment and business relationships outside of FINA were within the proper scope of the deposition as they may be relevant to Dr. Maglione's work within FINA and his level of knowledge and involvement in FINA's day-to-day operations.  As such, Plaintiffs' request for additional deposition time is GRANTED in part.

## II. Administrative Motion to File Under Seal

Plaintiffs seek to file under seal Exhibit J of the letter brief on the grounds that FINA designated the document "Confidential" pursuant to the parties' Amended Protective Order. (Dkt. No. 300.) Plaintiffs submit the declaration of counsel Joshua W. Malone, who attests that Plaintiffs were required to file Exhibit J under seal "[p]ursuant to Section XV, paragraph C of the Amended Protective Order." (Dkt. No. 300-1 at 2 ¶ 4.) Plaintiffs dispute the propriety of FINA's designation and ask the Court to deny the motion. (Dkt. No. 300.) Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* N.D. Cal. Civ. L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2). To date, FINA, the designating party, has not filed a responsive declaration to Plaintiffs' motion to seal. (Dkt. No. 300.) Therefore, the Court DENIES the request to seal Exhibit J. (Dkt. Nos. 300-3, 301-10.)

## CONCLUSION

Plaintiffs' request for additional deposition time is GRANTED in part; Plaintiffs may depose Dr. Maglione for an additional **three hours**. Plaintiffs will need to prioritize among their list of proposed topics. (*See* Dkt. No. 301 at 3-4.) Plaintiffs' administrative motion to seal filed in connection with the letter brief is DENIED.

This Order disposes of Dkt. Nos. 300 and 301.

**IT IS SO ORDERED.**

Dated: June 11, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge