1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

THOMAS A. SHIELDS, et al.,

Case No. 18-cv-07393-JSC

Plaintiffs,

8

9

v.

**ORDER RE: MOTION TO STRIKE SUR-REPLY**

10

FEDERATION INTERNATIONALE DE NATATION,

Re: Dkt. No. 269

11

Defendant.

12

13         Plaintiffs' motion for class certification is pending before the Court.  At the October 21,

14   2021 case management conference, FINA asked for permission to file a sur-reply that addressed

15   what FINA characterized (and Plaintiffs disputed) as a change in Plaintiffs' expert's damages

16   theory.[1]  The Court granted FINA leave to file a 15-page sur-reply.  (Dkt. Nos. 254, 268.)[2]  FINA

17   filed its sur-reply on November 23, 2021.  (Dkt. No. 263.)  While the sur-reply addresses the

18   expert damages theory issue, the first few pages disclose confidential settlement communications

19   in an attempt to argue that the named Plaintiffs are not adequate class representatives.  As a result

20   of the disclosure, the settlement judge withdrew from facilitating settlement discussions.  (Dkt.

21   No. 265.)  Now before the Court is Plaintiffs' motion to strike the sur-reply and for sanctions.

22   (Dkt. No. 269.)  Oral argument is not required.  *See* N.D. Cal. Civ. L.R. 7-1(b).

23                                        **DISCUSSION**

24         FINA's sur-reply is improper for two reasons.  First, the first few pages of discussion are

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27   [1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 7, 14.)

28   [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1   rife with purported statements of fact wholly unsupported by citation to any evidence.  Courts do

2   not decide issues, including class certification, based on unsupported attorney arguments in briefs.

3   If a party wants the Court to consider certain facts, they must have admissible evidentiary support.

4       Second, the sur-reply violates the Northern District of California ADR Local Rules.  Those

5   Rules provide:

6       7-4. Settlement Conference Confidentiality

7           (a) Confidential Treatment. . . . [T]his Court, the settlement Judge, all
            counsel and parties, and any other persons attending the settlement
8           conference **shall treat as "confidential information"** the contents of
            any written settlement conference statements, ***anything that was said,***
9           ***any position taken,*** and any view of the merits of the case expressed
            by any participant in connection with any settlement conference.
10          "Confidential information" shall not be:

11          (1) Disclosed to anyone not involved in the litigation;

12          (2) Disclosed to the assigned Judge; or

13          (3) Used for any purpose, including impeachment, in any pending or
            future proceeding in this Court.
14

15  N.D. Cal. ADR L.R. 7-4 (emphasis added).  FINA's sur-reply violates this Local Rule.  FINA

16  disclosed the positions taken during settlement discussions facilitated by the assigned judge and

17  did so for use in a pending proceeding in this Court.  (Dkt. No. 263 at 5, 7–9.)  That the settlement

18  judge immediately recused himself from conducting any further settlement proceedings, (Dkt. No.

19  265), is further evidence of FINA's violation.

20      FINA's attempt to excuse its conduct fails.  It cites cases applying Federal Rule of

21  Evidence 408.  These cases are irrelevant to FINA's willful violation of ADR Local Rule 7-4, as

22  are other out-of-district cases that do not address a party's intentional violation of a local rule

23  governing the confidentiality of settlement conferences conducted by magistrate judges.  Indeed, it

24  is telling that FINA does not even cite ADR Local Rule 7-4 in its opposition.  Civil Local Rule 11-

25  4 provides that every member of the bar of this Court must "[c]omply with the Local Rules of this

26  Court."  N.D. Cal. Civ. L.R. 11-4(a)(2).  The Local Rules do not provide that an attorney in his

27  discretion may unilaterally decide not to follow certain rules, which is what FINA essentially

28  asserts here.  FINA should have gone to the settlement judge to raise the issue of possible

disclosure.  Or it should have asked for permission from this Court to do so.  *See Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *9 (N.D. Cal. Oct. 15, 2010).  What it did not have the right to do was unilaterally violate the local rules and breach the sanctity of the settlement proceedings just because it decided it was in *its* interest to do so.

FINA's excuses include contending that it disclosed communications not covered by settlement conference confidentiality because the communications occurred between the parties and after settlement conference proceedings had ended.  This argument ignores that FINA squarely (purported to) disclose communications from the settlement judge regarding a party's settlement position.  (Dkt. No. 263 at 7–8.)  Further, the settlement judge's docket entry following the November 2, 2021 settlement conference states that settlement communications are continuing.  (Dkt. No. 256.)  A party and its counsel operating in good faith would have consulted in advance with the settlement judge to determine if disclosure was allowed.  FINA and its counsel did not.

FINA's claim that the confidentiality rules should not be used to conceal unethical conduct is disingenuous.  As a court in this District has noted while discussing ADR Local Rule 6-12 (the mediation companion to the settlement conference confidentiality rules):

> The Commentary to the Rule explains that limited circumstances may nonetheless exist in which the general prohibition on disclosure may give way to a countervailing need to reveal the information. *See* ADR L.R. 6-12, Commentary (stating that "[t]he law may provide some limited circumstances in which the need for disclosure outweighs the importance of protecting the confidentiality of a mediation"). Such circumstances include threats of death or substantial bodily injury; use of mediation to commit a felony; right to effective cross examination in a quasi-criminal proceeding; duty to report lawyer misconduct; and the need to prevent manifest injustice. ***A court presented with such a circumstance*** may engage in a balancing test: "Accordingly, after application of legal tests which are appropriately sensitive to the policies supporting the confidentiality of mediation proceedings, the court may consider whether the interest in mediation confidentiality outweighs the asserted need for disclosure." The Commentary concludes by noting that "[n]othing in this commentary is intended to imply that, absent truly exigent circumstances, confidential matters may be disclosed *without prior approval by the court*." Significantly, when the ADR Local Rules were amended effective January 2009, the Commentary *added* this final sentence ***underscoring the need of prior court approval for any disclosures otherwise prohibited***.

1    *Jones*, 2010 WL 4055928, at *8 (bolded emphases added; citations omitted).  Thus, FINA's

2    argument that "*courts balance* the need for confidentiality over settlement discussions with other

3    interests that can and do result in limited disclosures" is not well taken.  (Dkt. No. 272-2 at 12

4    (emphasis added).)  There is no excuse for FINA's unilateral disclosure.  *See Jones*, 2010 WL

5    4055928, at *8 ("[I]n this district, given the broad prohibition on disclosing confidential mediation

6    information, if counsel nevertheless believes the need to disclose such information outweighs the

7    importance of protecting its confidentiality, court approval should be obtained *prior* to any

8    disclosure.").

9        Accordingly, Plaintiffs' motion to strike the entire section of FINA's sur-reply discussing

10    the settlement process, and the related portions of FINA's opposition to the motion to strike, is

11    granted.  (Dkt. No. 263 at 5:7-19, 6:25–9:18; Dkt. No. 273 at 5:12-27, 10:8–14:22); *see Jones*,

12    2010 WL 4055928, at *6 ("[B]ased on its inherent powers, a court may strike material from the

13    docket, including portions of a document, reflecting procedural impropriety or lack of compliance

14    with court rules or orders.").  The Court declines to strike the portions of the sur-reply addressing

15    expert testimony.  Through its motion to strike and reply Plaintiffs have amply explained to the

16    Court why they believe FINA's arguments are without merit.

17        Plaintiffs' request for sanctions is granted.  *See* N.D. Cal. Civ. L.R. 1-4 ("Failure by

18    counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a

19    ground for imposition of any authorized sanction"); *Chin v. Wal-Mart Stores, Inc*., No. 14-CV-

20    02538-TEH, 2014 WL 5465768, at *1 (N.D. Cal. Oct. 27, 2014) (Local Rule 1-4 "provides for the

21    sanctioning of attorneys for violations of the local rules").  FINA's unexcused disclosure amounts

22    to bad faith conduct; accordingly, FINA shall pay Plaintiffs' attorneys' fees and costs for

23    preparing the motion to strike and the reply.  *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1482

24    (9th Cir. 1989) (providing that a court may impose attorneys' fees as a sanction for "a case

25    prosecuted in bad faith or in deliberate violation of a court order").  The Court will not discount

26    the fees and costs because the motion addresses expert issues in addition to FINA's breach of

27    settlement conference confidentiality; the Court would not have permitted the motion to strike but

28    for FINA's breach.

United States District Court
Northern District of California

4

United States District Court<br>
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

This Court has conducted more than 1000 settlement conferences over the past 10 years. During that time it has never witnessed a violation of ADR Local Rule 7-4 as egregious as FINA's here. Not only did that violation damage Plaintiffs by requiring them to file a motion to strike and reply, it led to the loss of a settlement magistrate judge who had been working with the parties for over 22 months. FINA's insistence that it can unilaterally decide what settlement communications can be disclosed has thus wasted precious public resources in addition to the settlement judge's heroic efforts at facilitating settlement. Further, FINA's conduct has damaged the entire ADR program of the Northern District of California and thus the administration of justice. The success of settlement negotiations "depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case; and upon the ability of the [third party] to maintain a neutral position while carefully preserving the confidences that have been revealed." *In re County of Los Angeles*, 223 F.3d 990, 993 (9th Cir. 2000) (citation omitted). Sadly, as a result of FINA's breach, parties will have reason to question whether the promise of confidentiality will actually be honored.

Plaintiffs shall provide declaration(s) supporting their requested fees and costs on or before February 14, 2022.

This Order disposes of Docket No. 269.

**IT IS SO ORDERED.**

Dated: February 1, 2022

_Jacqueline Scott Corley_

JACQUELINE SCOTT CORLEY
United States Magistrate Judge