*Counsel listed on signature page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS A. SHIELDS, MICHAEL C. ANDREW, and KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>   *Defendant.* | Case No. 3:18-CV-07393-JSC<br>Case No. 3:18-CV-07394-JSC<br><br>**STIPULATED REQUEST AND [PROPOSED] ORDER TO MODIFY PRETRIAL SCHEDULING ORDER**<br><br><br>Hon. Jacqueline Scott Corley |
| INTERNATIONAL SWIMMING LEAGUE, LTD.,<br><br>   *Plaintiff*,<br><br>  v.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br>   *Defendant.* | |

Pursuant to Local Rules 6-2, 7-12, and 16-2, Plaintiffs International Swimming League ("ISL"), Thomas A. Shields, Michael C. Andrew, Katinka Hosszu, and the injunctive relief class ("*Shields* Plaintiffs"), (and collectively "Plaintiffs") and Defendant Fédération Internationale de Natation ("FINA") (together, "the Parties"), by and through their undersigned counsel of record, hereby present this stipulated request to modify the Pretrial Scheduling Order, *ISL* ECF No. 345, to (a) extend briefing deadlines on summary judgment and (b) move the trial date, in order to accommodate several conflicts for all parties.

## I.   RELEVANT BACKGROUND

Although this action was filed in 2018, counsel for ISL substituted as counsel of record for ISL on February 15, 2022. Declaration of William A. Isaacson ("Isaacson Decl.") ¶ 2; *ISL* ECF Nos. 335, 337. On February 24, 2022, counsel for ISL, the *Shields* Plaintiffs, and FINA jointly submitted a case management statement in which they proposed a trial date sometime in the first quarter of 2023. *ISL* ECF No. 342, at 2.

ISL's lead trial counsel, William A. Isaacson, is also lead trial counsel in a previously filed, long-running action filed in the District of Nevada before Judge Miranda Du, *Rimini Street, Inc.* v. *Oracle International Corporation*, No. 2:14-cv-01699-MMD-DJA (D. Nev.) ("*Oracle II*"). Isaacson Decl. ¶ 3. Furthermore, FINA's lead counsel—Daniel Wall and Christopher Yates—have had significant conflicts in the weeks leading up to the current summary judgment and *Daubert* deadline. Isaacson Decl. ¶ 16; Declaration of Aaron Chiu ("Chiu Decl.") ¶ 2.

At a status conference held on March 3, 2022, the Court advised the Parties that it wished to schedule the trial in these actions in late 2022. *ISL* ECF No. 346, 3/3/2022 Hr'g. Tr. at 14:5–6. At that time, Mr. Isaacson informed the Court that he had previously submitted a joint case management report in *Oracle II*, ECF Nos. 1317, 1319, in which he agreed to make himself available for a six-week trial starting on October 31, 2022. *Id.* at 14:7–13; Isaacson Decl. ¶ 5; Isaacson Decl. ¶ 4, Ex. 1 (*Oracle II*, ECF No. 1317). The Court indicated it would set a trial date of December 5 in this action because the situation in *Oracle II* could change. *ISL* ECF No. 346, 3/3/2022 Hr'g. Tr. at 14:14–15:20. Thus, on March 4, 2022, the Court entered a Pretrial Scheduling Order with a Case Management Schedule in these actions in which it ordered trial to begin on

December 5, 2022, and set a briefing schedule for summary judgment and *Daubert* motions leading up to a hearing date of September 15, 2022. *ISL* ECF No. 345.

On May 5, 2022, in reliance on the previously filed case management statement, the *Oracle II* court, as expected, ordered the jury trial in that case to begin on October 31, 2022, to be followed by a bench trial on the non-jury issues. Isaacson Decl. ¶ 7; Ex. 2 (*Oracle II*, ECF No. 1327). This will be the second jury trial between the parties in that case. In *Oracle I*, following a month long jury trial, a jury found Rimini had committed copyright violations of Oracle software, and a judgment was entered in the amount of $125 million and the court entered a permanent injunction. Isaacson Decl. ¶ 9. The Ninth Circuit affirmed the copyright verdict on appeal, and the Supreme Court took the case on review limited to the issue of prejudgment interest. Isaacson Decl. ¶ 9.[1] In *Oracle II*, the parties have held their mandatory settlement conference. Isaacson Decl. ¶ 12. Trial is expected to last around six weeks, ending in the second week of December. Isaacson Decl. ¶ 13–14; Ex. 2 (*Oracle II*, ECF No. 1327). The expected *Oracle II* six-week jury trial, to be followed by a bench trial, will conflict with the currently scheduled trial date in this action.

Counsel for Plaintiffs reached out to counsel for FINA on May 25, 2022, seeking consent to move the trial date in this matter. Isaacson Decl. ¶ 15. In response, counsel for FINA indicated that they were willing to join the stipulation to move the trial date, and also requested a scheduling adjustment to give them two to three more weeks to prepare their motion for summary judgment and accompanying papers, due to significant conflicts for Daniel Wall and Christopher Yates, two lead members of FINA's counsel team. Mr. Wall has had significant overlapping conflicts in the weeks leading up to the summary judgment and *Daubert* deadline due to competing commitments as lead trial counsel for defendant American Airlines Group in *United States* v. *American Airlines Group & JetBlue Airways Corp.*, No. 1:21-cv-11558-LTS (D. Mass.). *See* Chiu Decl. ¶ 3. Fact discovery in that case ends on June 8, 2022, *see id.*, ECF No. 76, and Mr. Wall has been and will continue to be occupied with numerous depositions. *See id.* ¶¶ 3, 4. Mr. Yates has also had an overlapping conflict with the summary judgment schedule as lead trial counsel in *Oracle America,*

---

[1] Additional background on the history of *Oracle II* is set forth in the accompanying Isaacson Declaration.

1  *Inc., et al* v. *Hewlett Packard Enterprise Company*, 4:16-cv-01393-JST (N.D. Cal.). *See id.* ¶ 5.
2  Mr. Yates is actively in trial in that matter, which commenced on May 23 and is scheduled to last
3  until at least June 16. *See id.*, ECF Nos. 1234, 1172. *See also* Isaacson Decl. ¶ 16. Given these
4  conflicts, the Parties conferred to identify modifications to the case management schedule to
5  mutually accommodate scheduling requests and needs of all counsel. Isaacson Decl. ¶ 17.

6      The Parties all join in the request that the Court enter the modified case management
7  schedule set forth in **Section III** below. Isaacson Decl. ¶ 17.

8  **II.   DISCUSSION**

9      A court may modify a scheduling order for good cause. *See* Fed. R. Civ. P. 16(b)(4). A
10 motion seeking amendment of a scheduling order should be granted if the deadline established
11 therein "cannot reasonably be met despite the diligence of the party seeking the extension."
12 *Johnson* v. *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation
13 omitted). The Local Rules for this Court set forth requirements for presentation of a stipulated
14 request for an order changing time, noting that the stipulated request "must be accompanied by a
15 declaration," which sets forth the reasons for the requested change, discloses all previous time
16 modifications in the case, and describes the impact of the requested modification on the current
17 schedule. Civil L.R. 6-2(a). The Local Rules also set forth the requirements for relief from a case
18 management schedule, noting that the motion must include a description of "the circumstances
19 which support the request," an affirmation that "counsel for the moving party has conferred with
20 all other counsel in an effort to reach agreement and, for each other party, report whether that party
21 supports or opposes the request for relief," a revised proposed case management schedule, and, if
22 applicable, any changes required in the ADR process or schedule. Civil L.R. 16-2(d).

23     Here, there is good cause to modify the trial date in the case management schedule because
24 of the clear and unavoidable conflict that ISL's counsel faces as a result of the conflicting jury trial
25 scheduled in *Oracle II*. On May 5, relying on the representations made by Mr. Isaacson prior to
26 the March 3, 2022 status conference in these actions, the *Oracle II* court scheduled a jury trial to
27 begin on October 31, 2022 and continue until mid-December, to be followed by a bench trial of
28 non-jury issues. Isaacson Decl. ¶ 7. The *Oracle II* trial will almost certainly proceed, as has been

the case with the trial in *Oracle I* and the subsequent contempt trial. Isaacson Decl. ¶¶ 8, 10, 12. As a result, ISL's counsel cannot proceed to trial in this action on December 5, 2022, despite its diligence in making the Court aware of this potential conflict at the March 3 status conference and in promptly seeking and filing this Stipulation once the conflict materialized. ISL would face prejudice if the trial date is not postponed, as ISL has selected Mr. Isaacson as lead trial counsel and civil "litigants generally have a right to be represented by counsel of choice." *In re Wisdom*, No. 1:17-CV-00254-DCN, 2017 WL 6517548, at *6 (D. Idaho Dec. 20, 2017), *aff'd sub nom. Wisdom* v. *Gugino*, 787 F. App'x 390 (9th Cir. 2019).

There is also good cause to amend the summary judgment and *Daubert* schedule given the ongoing and unavoidable conflicts that both of FINA's lead counsel have in other matters. Mr. Wall has had competing obligations in the weeks leading up to the current summary judgment deadline in another matter in which he is lead trial counsel, *United States* v. *American Airlines Group, & JetBlue Airways Corp.*, No. 1:21-cv-11558-LTS (D. Mass.). *See* Chiu Decl. ¶¶ 3–4. Fact discovery in that case closes on June 8, and Mr. Wall has been and continues to be occupied with numerous depositions that need to be completed as the close of discovery approaches. *See id*. FINA's other lead counsel, Mr. Yates, is actively in trial as lead counsel for the plaintiff in *Oracle America, Inc. et al* v. *Hewlett Packard Enterprise Company*, 4:16-cv-01393-JST (N.D. Cal.). *See id*. ¶ 5. Trial in that matter commenced on May 23 and is scheduled to last through June 16. *See id*. Given these competing commitments, FINA would be prejudiced without the additional requested time in which to prepare and file its summary judgment and *Daubert* motions. *See id*. ¶ 6.

In conferring on the agreed schedule, the Parties strove to comport with the Court's Civil Standing Order sections A and B by avoiding periods of the Court's unavailability and maintaining civil motion hearings on Thursdays, as well as ensuring that the Court continues to have ample time between summary judgment and *Daubert* briefing being completed and the hearing on those motions.

### III. PROPOSED REVISED CASE MANAGEMENT SCHEDULE

The Parties all join in requesting the following modification to the case management schedule:

| Event | Current Date | Amended Date |
|---|---|---|
| Summary Judgment and/or *Daubert* Motions | June 6 | June 24 |
| Opposition to Summary Judgment and/or *Daubert* Motions | July 18 | August 5 |
| Reply to Summary Judgment and/or *Daubert* Motions | August 18 | August 25 |
| Hearing on Summary Judgment and/or *Daubert* Motions | September 15 | October 20 |
| Pre-Trial Conference | November 17 | Q1 2023 (at Court's convenience)* |
| Trial | December 5 | Q1 2023 (at Court's convenience)* |

*Counsel for the *Shields* Plaintiffs respectfully note that lead counsel has conflicts February 20–24 and March 6–9.

### IV.   STIPULATION

**WHEREAS**, the Court issued a Pretrial Scheduling Order on March 4, 2022 (*ISL* ECF No. 345), stating that trial shall begin on December 5, 2022;

**WHEREAS**, the Parties request that the trial date be moved to a date of the Court's choosing in the first quarter of 2023, and set a summary judgment and *Daubert* briefing schedule as set forth above;

**WHEREAS**, this Stipulation does not affect any other dates currently scheduled by the Court, and the Parties anticipate no other impact on the case schedule for these matters or on any ADR process or schedule;

**NOW THEREFORE**, the Parties, by and through their respective counsel, hereby stipulate to this request to enter the proposed case management schedule above.

Dated:  June 1, 2022

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  */s/ William A. Isaacson*
         William A. Isaacson

William A. Isaacson (*pro hac vice*)
wisaacson@paulweiss.com
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

Randall Scott Luskey (SBN: 240915)
rluskey@paulweiss.com
Meredith R. Dearborn (SBN: 268312)
mdearborn@paulweiss.com
535 Mission Street. 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

Brette M. Tannenbaum (*pro hac vice*)
btannenbaum@paulweiss.com
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Plaintiff International Swimming League, Ltd.*

Dated: June 1, 2022          WINSTON & STRAWN LLP


By: /s/ *Jeffrey L. Kessler*
    Jeffrey L. Kessler (*pro hac vice*)

Jeffrey L. Kessler (*pro hac vice*)
jkessler@winston.com
Johanna Rae Hudgens (*pro hac vice*)
jhudgens@winston.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

*Attorneys for Plaintiffs Thomas A. Shields, Michael C. Andrew and Katinka Hosszú and the Proposed Class*


Dated: June 1, 2022          LATHAM & WATKINS LLP


By: /s/ *Aaron T. Chiu*

Aaron T. Chiu

Daniel M. Wall (SBN 102580)
Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*Attorneys for Defendant Fédération Internationale de Natation*

Pretrial is reset to January 19, 2023 and Jury Trial is reset to February 6, 2023.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 3 , 2022           By: _____
                                THE HON. JACQUELINE SCOTT CORLEY
                                United States District Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*[Stamp: IT IS SO ORDERED AS MODIFIED / Jacqueline Scott Corley / Judge Jacqueline Scott Corley]*