Jeffrey L. Kessler (*pro hac vice*)
Johanna Rae Hudgens (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4698
Facsimile: (212) 294-4700
jkessler@winston.com
jhudgens@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Class Counsel and Counsel for Plaintiffs Thomas A. Shields and Katinka Hosszú*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THOMAS A. SHIELDS and KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | Case No. 3:18-cv-07393-JSC (N.D. Cal.)<br><br>**DECLARATION OF JEFFREY L. KESSLER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY SETTLEMENT APPROVAL**<br><br>Hrg. Date:   October 16, 2025<br>Time:         10:00 a.m.<br>Judge:        Hon. Jacqueline Scott Corley<br>Courtroom: 8, 19th Floor |

I, JEFFREY L. KESSLER, declare as follows:

1.  I am an attorney duly licensed to practice law before this Court. I am a member of the New York Bar, and I have been admitted to this Court pro hac vice. I am the Co-Executive Chairman of Winston and Strawn LLP ("Winston & Strawn") and counsel for the Class Plaintiffs ("Plaintiffs") in this matter.

2.  I submit this declaration in support of Plaintiffs' Notice of Motion and Motion for Preliminary Settlement Approval. Based on personal knowledge or discussions with counsel in my firm of the matters stated herein, if called upon, I could and would competently testify thereto.

3.  Plaintiffs filed the initiating complaint in this case on December 7, 2018, followed by the amended complaint on January 17, 2020, and have litigated extensively over the last six years to develop facts, theories, and models for class-wide damages. Plaintiffs engaged in thorough discovery and reviewed thousands of documents, constituting over two hundred thousand pages. To obtain the evidence needed to support their claims, Plaintiffs participated in over two dozen depositions, retained a prominent economic expert to develop a model capable of calculating reliable damages estimates for the classes, won an appeal to the Ninth Circuit reversing summary judgment awarded to Defendant and the denial of certification for Plaintiffs' damages classes, and achieved class certification for an injunctive relief class and two damages classes.

4.  Winston & Strawn was retained to represent Plaintiffs in this litigation in December 2021, prior to any classes being certified, when the previous counsel for the Plaintiffs withdrew.

5.  Based on my review of the case record, there were four settlement conference sessions involving Plaintiffs and Defendant that terminated sometime after the fourth mediation session in November 2021, before Winston & Strawn's involvement with the case. On November 1, 2022, Defendant separately offered settlement to Thomas Shields on an individual basis only, which was declined.

6.  Winston & Strawn's first involvement in class-wide settlement discussions began in June 2025, with the assistance of nationally prominent sports disputes mediator Jeffrey Mishkin. Mr. Mishkin

has significant experience in complex sports-related disputes, including disputes involving antitrust claims and international sports-related legal issues.[1]

7. The Plaintiffs and Defendant met in New York City, New York on June 9, 2025, for a full-day mediation session facilitated by Mr. Mishkin that lasted approximately 9 hours. The parties reached agreement on all material settlement terms except one, as described in Paragraph 9 below. Additional negotiations over this final settlement term continued remotely for the next two weeks, again facilitated by Mr. Mishkin.

8. Following the additional negotiations, the parties reached agreement on all material terms of the settlement on June 26, 2025, and thereafter memorialized the full terms of the settlement in a Settlement Agreement dated August 29, 2025.

9. During the mediation session, to avoid any actual or perceived conflicts of interest in negotiating settlement terms for each of the three proposed classes, the settlement for each class was negotiated separately and the parties agreed to settlement terms for one class before moving to the next, beginning with the injunctive relief class, followed by the 2018 damages class, and then the 2019 damages class. It was only after all material terms for one class were agreed to that discussions then began for another class, which provided assurances that the interests of one class would not be traded against the interests of another class. Attorneys' fees and expenses for the injunctive relief class were negotiated only after settlements for all three classes were agreed to in principle by the parties. It was also then agreed that Class Counsel would have the right to apply for a fee and expense award, and a service award for the two class representatives, to be paid for out of the damages settlement funds. The demands, subsequent negotiations, and ultimate agreed-upon settlement amounts took into account the differences in damages estimates, procedural posture, and risks and strengths of the claims for each class. An agreement in principle was reached for each of the three classes during the in-person mediation session. The only final issue that was not agreed to was the amount of attorneys' fees and expenses for the Injunctive Relief settlement. This was the final issue which required two more weeks to negotiate. Defendants had the

---

[1] *Jeffrey A. Mishkin*, PHILLIPS ADR ENTER., https://phillipsadr.com/our-team/jeffrey-a-mishkin (last visited Jul 21, 2025).

right to not enter into any of the settlement terms until all of the points, including the injunctive relief fee and expenses payment, were agreed to. All issues were finally resolved on June 26, 2025.

10. The mediation and resulting Settlement Agreement encapsulates all agreements made with or in connection to the above-captioned matter. As such, there are no other agreements to be disclosed to this Court pursuant to Fed. R. Civ. P. 23(e)(3). All agreements relevant to the settlement, including those relating to attorneys' fees, awards, and the administration of the settlement, are contained within the Settlement Agreement or have otherwise been submitted to the Court.

11. Class Counsel has retained Verita to serve as the Class Certification Notice Administrator. Verita was retained to provide notice to the litigation classes in this case previously, and successfully administered class notice beginning May 28, 2025, pursuant to the Court's order. ECF No. 416. Verita is therefore well-positioned with institutional knowledge of the process of providing notice to these Settlement Class Members.

12. A true and correct copy of the press release, which will be issued by Winston & Strawn LLP as part of the class notice plan (*see* Decl. of Zach Cooley ¶ 25), is attached to this Declaration as Exhibit 2.

13. Although the attorneys' fees are ongoing in this case, as of August 31, 2025, the lodestar for the work on behalf of all of the classes, before any multipliers, for Winston & Strawn totals over $6,700,000.00, with hours totaling over 5,500. Over $230,000.00 in expert and non-expert expenses have been billed by Winston & Strawn LLP to the litigation fund established for this case.

14. Based on my experience in this settlement process—in conjunction with my overall experience litigating complex antitrust class actions during my career—I believe that the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court. Indeed, I view this settlement as a landmark achievement in providing future competition opportunities for professional swimmers and autonomy in choosing between professional swimming events. It also provides for a damages fund that is more than one hundred per cent of estimated actual damages, which is extraordinary for an antitrust class action that faced substantial risks at trial. The settlement is the culmination of Winston spending many years of work challenging World Aquatics' rules blocking unauthorized relations

with independent swimming event organizers, including sanctions for participating in swimming competitions not sanctioned by World Aquatics. Those rules are now forever barred by this settlement.

15.    Attached hereto are true and correct copies of the following exhibits:

**Exhibit 1**: Settlement Agreement dated August 29, 2025.

**Exhibit 2:** Press Release, to be issued by Winston & Strawn LLP.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of September 2025 at New York City, New York.

                                                       */s/ Jeffrey L. Kessler*
                                                     JEFFREY L. KESSLER