# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| THOMAS A. SHIELDS and KATINKA HOSSZU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | Case No. 3:18-cv-07393-JSC (N.D. Cal.) |

## SETTLEMENT AGREEMENT

This Settlement Agreement, inclusive of all exhibits and appendices (hereinafter, "Agreement" or "Settlement Agreement"), is made and entered into as of August 29, 2025, by and between Plaintiffs, both individually and on behalf of the Classes in the above-captioned class action, and Defendant World Aquatics ("World Aquatics" or "AQUA") (with Plaintiffs, "the Parties"). This Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

WHEREAS, Plaintiffs are prosecuting the Action on their own behalf and on behalf of the Classes against Defendant;

WHEREAS, Plaintiffs have alleged that Defendant has engaged in anticompetitive

conduct in violation of the U.S. antitrust laws in connection with using certain of its Rules to organize a group boycott against the International Swimming League, Ltd. ("ISL"), and preventing top-tier swimmers from participating in professional swimming competitions and earning appearances fees and prize money from those competitions.

WHEREAS, Defendant has denied and continues to deny each and all of the claims and allegations of wrongdoing made by the Plaintiffs in the Action; all charges of wrongdoing or liability against it arising out of or relating to any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action; the allegations that the Plaintiffs or any member of the Classes were harmed by any conduct by the Defendant alleged in the Action or otherwise; and deny any liability whatsoever;

WHEREAS, Plaintiffs and Defendant agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendant or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, arm's-length settlement negotiations have taken place between Defendant and Class Counsel—under the supervision of a highly experienced third-party mediator, Jeffrey Mishkin—and this Agreement embodies all of the terms and conditions of the good-faith settlement between the Parties, and has been reached as a result of the Parties' negotiations and mediations, subject to approval of the Court;

WHEREAS, Class Counsel have concluded, after extensive discovery and due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto and the applicable law, that it is in the best interests of the Plaintiffs and the Classes to enter into this Agreement to avoid the uncertainties of litigation and to ensure that the benefits reflected herein are obtained for the Plaintiffs and the Classes, and, further, that Class Counsel consider the settlement set forth herein to be fair, reasonable, and adequate and in the best interests of the Plaintiffs and the Classes; and

WHEREAS, Defendant, despite its asserted defenses and continued denial of Plaintiffs' allegations and of all liability claimed therein, has nevertheless agreed to enter into this Agreement to avoid the further expense, risk, and burden of protracted litigation, to obtain the releases, orders, and judgment contemplated by this Agreement, and thereby to put to rest with finality all claims that have been or could have been asserted against Defendant in connection with using certain of its Rules to organize a group boycott against ISL and preventing top-tier swimmers from participating in professional swimming competitions and earning appearances fees and prize money from those competitions.

## AGREEMENT

NOW, THEREFORE, in consideration of the agreements herein set forth, it is hereby stipulated and agreed by and among the Parties, by and through their attorneys of record, that the claims of the Plaintiffs and the Classes be finally and fully settled, compromised, and dismissed on the merits and with prejudice as to Defendant and all other Releasees and, except as hereafter provided, without costs against the Plaintiffs, the Classes, or Defendant, subject to the approval of the Court, on the following terms and conditions:

**A.    Definitions**

1.    As used in this Agreement and its exhibits and appendices, the following terms have the meanings specified below:

      (a)    "Action" means the litigation captioned *Shields, et al. v. Fédération Internationale De Natation*, Case No. 3:18-cv-07393-JSC (N.D. Cal).

      (b)    "Authorized Recipient" means any member of any or all of the Damages Settlement Classes who, in accordance with the terms of this Agreement, is entitled to a distribution consistent with any Distribution Plan or order of the Court.

      (c)    "Classes" means collectively the Damages Settlement Classes and the Injunctive Relief Settlement Class previously certified in this Action.

      (d)    "Class Counsel" means the law firm of Winston & Strawn LLP, with lead

Class Counsel Jeffrey L. Kessler and Jeanifer E. Parsigian.

(e)     "Class Member" means a Person who falls within the definition of one or more of the Classes who has not dismissed their claims or opted out of the Damages Classes.

(f)     "Complaint" means the First Amended Class Action Complaint filed in the Action on January 17, 2020.

(g)     "Court" means the United States District Court for the Northern District of California.

(h)     "Damages Classes Settlement Fund" means the 2018 Damages Class Settlement Amount and the 2019 Damages Class Settlement Amount plus any interest that may accrue.

(i)     "Damages Fee and Expense Award" means any order entered by the Court awarding Class Counsel any amount of fees and/or costs in connection with the settlement of the monetary damages claims of the Damages Settlement Classes as detailed in Paragraph 28.

(j)     "Damages Settlement Amounts" means the total sum of four million, six hundred twenty-seven thousand, eighty-four US dollars ($4,627,084.00) to be paid by Defendant, comprised of the following amounts:

    a.     "2018 Damages Settlement Amount" means the total sum of one million, one hundred twenty-seven thousand, eighty-four US dollars ($1,127,084.00) to resolve claims of the 2018 Damages Settlement Class.

    b.     "2019 Damages Settlement Amount" means the total sum of three million, five hundred thousand US dollars ($3,500,000.00) to resolve claims of the 2019 Damages Settlement Class.

(k)     "Damages Settlement Classes" means the two classes certified in the Action pursuant to Fed. R. Civ. P. 23(b)(3) on April 25, 2025 (ECF No.

413).

    a.    "2018 Damages Settlement Class" means all swimmers who signed contracts to participate in the International Swimming League's December 2018 event set to take place in Turin, Italy.

    b.    "2019 Damages Settlement Class" means all swimmers who signed contracts to participate in the International Swimming League's 2019 season.

(l)    "Defendant" means World Aquatics (formerly known as Fédération Internationale de Natation), the international sports federation recognized by the International Olympic Committee for administering international competition in aquatic sports and the Swiss association organized and existing in accordance with article 60, *et seq.*, of the Swiss Civil Code.

(m)    "Distribution Plan" means the plan or formula of allocation of Damages Classes Settlement Fund for future distribution to Authorized Recipients.

(n)    "Effective Date" means the first date by which all of the events and conditions specified in Paragraph 32 of this Agreement have occurred and have been met.

(o)    "Escrow Account" means the bank account to be established at a banking institution chartered pursuant to the National Bank Act by Class Counsel and World Aquatics and maintained by the Escrow Agent into which the Damages Classes Settlement Fund and any Injunctive Relief Fee and Expense Awards payable before the Effective Date shall be deposited, pursuant to the terms of this Settlement Agreement and the Escrow Agreement. Such Escrow Account is to be administered under the Court's continuing supervision and control.

(p)    "Escrow Agent" means the escrow agent (and any successor agent) jointly designated by Class Counsel and World Aquatics to administer the Escrow

Account in accordance with the Escrow Agreement.

(q)     "Escrow Agreement" means the agreement to be mutually agreed to by the Parties concerning the Escrow Account.

(r)     "Execution Date" means the date of the last signature set forth on the signature pages below.

(s)     "Final Approval" means the date the Court has entered the Final Approval Order as described in Paragraph 15 below.

(t)     "Injunctive Relief Fee and Expense Award" means the total sum of three million U.S. Dollars ($3,000,000.00) to be paid by World Aquatics directly to Class Counsel in connection with the settlement of the injunctive relief claims of the Injunctive Relief Settlement Class as detailed in Paragraph 27.

(u)     "Injunctive Relief Settlement Class" means the class certified in the Action pursuant to Fed. R. Civ. P. 23(b)(2) on February 11, 2022 (ECF No. 299), as modified:  All swimmers who signed contracts to participate in the ISL from January 1, 2018 through the date of this Agreement.

(v)     "Injunctive Relief Settlement" means the injunctive relief settlement terms attached as Appendix A to this Settlement Agreement and fully incorporated herein.

(w)     "Judgment" means the order of judgment and dismissal, with prejudice, of the Action.

(x)     "Notice and Administrative Costs" means the reasonable and authorized costs and expenses, not to exceed fifty-five thousand US dollars ($55,000.00) absent written consent of all Parties, to be paid out of the Damages Classes Settlement Fund to pay for the cost of notice to the Damages Settlement Classes, to the Injunctive Relief Settlement Class, and related administrative costs. In the event additional notice is required

to members of only the Injunctive Relief Settlement Class who are not also members of the Damages Settlement Classes, costs will be paid out of the Injunctive Relief Fee and Expense Award.

(y)     "Notice and Claims Administrator" means the claims administrator(s) to be selected by Class Counsel and approved by the Court.

(z)     "Opt-Out" means a Person who falls within the definition of the Classes who has timely and validly elected to be excluded from one of the Damages Settlement Classes pursuant to the procedures set forth in this Settlement Agreement.

(aa)    "Parties" means, collectively, Defendant and the Plaintiffs (on behalf of themselves and the Classes).

(bb)    "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

(cc)    "Plaintiffs" means the named plaintiffs and class representatives in the Action.

(dd)    "Preliminary Approval" means the date on which the Court enters the Preliminary Approval Order.

(ee)    "Preliminary Approval Order" means the Order entered by Court, as described in Paragraph 12, preliminarily approving the settlement set forth in this Agreement.

(ff)    "Released Claims" means the Released Damages Class Claims and the Released Injunctive Class Claims.

(gg)   "Released Damages Class Claims" means, for each of the Plaintiffs and each and every member of each of the Damages Settlement Classes who does not opt out, all manner of claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including without limitation costs, penalties, and attorneys' fees, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that the Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, that were raised or could have been raised in the Action prior to filing for preliminary approval of the Settlement Agreement on account of, arising out of, resulting from, or in any way relating to the facts, circumstances, and events alleged in the Action, including using certain of its Rules to organize a group boycott against ISL and preventing top-tier swimmers from participating in professional swimming competitions and earning appearances fees and prize money from those competitions, including but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*

(hh)   "Released Injunctive Class Claims" means all declaratory and injunctive relief claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature, liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, that the Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have, that were raised or could have

been raised in the Action prior to Final Approval or during the Injunctive Relief Settlement on account of, arising out of, resulting from, or in any way relating to the facts, circumstances, and events alleged in the Action, including the using certain of its Rules to organize a group boycott against ISL and preventing top-tier swimmers from participating in professional swimming competitions and earning appearances fees and prize money from those competitions, including, but not limited to, claims arising under federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including without limitation the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*

(ii)    "Releasees" means jointly and severally, individually and collectively, World Aquatics and all of their respective present and former direct and indirect parents, subsidiaries, affiliates, officers, directors, trustees, employees, agents, attorneys, servants, representatives, members, managers, and partners and the predecessors, heirs, executors, administrators, successors, and assigns of any of the foregoing persons or entities.

(jj)    "Releasors" means, jointly and severally, individually and collectively, the Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective past and present managers, agents, legal representatives, trustees, parents, affiliates, heirs, executors, administrators, predecessors, successors, and assigns and the past and present legal representatives, trustees, parents, heirs, executors, administrators, predecessors, successors, and assigns of each of the foregoing.

(kk)    "Rules" means World Aquatics' Constitution, By-Laws, and all of its

General Rules, policies, and decisions promulgated by World Aquatics.

(ll)    "Unknown Claims" means any Released Claim that a Plaintiff and/or Class Member does not know or suspect to exist in his, her, or their favor at the time of the release of the Releasees that if known by him, her, or them, might have affected his, her, or their settlement with and release of the Releasees, or might have affected his, her or their decision not to object to or opt out of this settlement.  Such Unknown Claims include claims that are the subject of California Civil Code §1542 and equivalent, similar or comparable laws or principles of law.   California Civil Code §1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

**B.    Injunctive Relief Settlement**

2.    The terms set forth in Appendix A hereto relating to the Injunctive Relief Settlement are incorporated as if fully set forth in this Settlement Agreement and shall be complied with by Plaintiffs, all members of the Injunctive Relief Settlement Class, and Defendant, which will comply with the terms set forth in Appendix A when reaching all Rule-based and discretionary decisions, including sanctioning events and disciplinary action. World Aquatics will inform its members that it has agreed to such a settlement, and regarding the terms set forth in Appendix A relating to the Injunctive Relief Settlement. World Aquatics will make the terms of the Injunctive Relief Settlement contained in Appendix A publicly available on its website.

3.    World Aquatics agrees that it will not enforce any Rules that are inconsistent with the terms set forth in Appendix A. In the event of any ambiguity, conflict, or inconsistency between the terms of Appendix A and any World Aquatics Rule, the parties agree that the terms

of Appendix A and this Settlement Agreement shall govern and control.

### C.  Damages Settlement Classes Settlement Funds

4.  **Settlement Payments.**  In full, complete, and final settlement of any and all claims for damages in the Action, Defendant shall pay the Damages Settlement Amount in one lump sum, with the payment due within forty-five (45) days of Final Approval of the Settlement Agreement, but in no event later than January 12, 2026, unless that day is fewer than 45 days after Final Approval. In the event of an appeal of any or all of the Settlement Agreement, the payment due under the Settlement will be paid on the same schedule set forth in this Paragraph 4 into the Escrow Account; no payments shall be made to members of the Damages Settlement Classes until all appeals have been exhausted and the judgment becomes final and non-appealable.  The Damages Classes Settlement Fund represents an all-in cash settlement amount for the damages claims in the Action, which includes all monetary benefits and distributions to the members of the Damages Settlement Classes, attorneys' fees and expenses except as specified in this Settlement Agreement, escrow fees, taxes, tax expenses, and all other costs and expenses relating to the settlement (including, but not limited to, administration costs and expenses, notice costs and expenses, and settlement costs and expenses).

5.  **Disbursements Prior to Effective Date.**  The Damages Classes Settlement Fund will remain subject to the jurisdiction of the Court until such time as it is fully distributed in compliance with the Settlement Agreement, Escrow Agreement, and any applicable Court order.  No amount may be disbursed from the Damages Classes Settlement Fund unless and until the Effective Date, except that:  (a) Notice and Administrative Costs may be paid from the Damages Classes Settlement Fund as they become due; and (b) Taxes and Tax Expenses (as defined in Paragraph 6 below) may be paid as they become due.  Class Counsel will attempt in good faith to minimize the amount of Notice and Administrative Costs.

6.  **Taxes.**  The Escrow Account is intended by the Parties to be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and to that end the Parties hereto shall cooperate with each other and shall not take a position in any filing

or before any tax authority that is inconsistent with such treatment. The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a) For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Damages Classes Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Damages Classes Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this paragraph) shall be consistent with the provisions of this paragraph and in all events shall reflect that all Taxes as defined in Paragraph 5(b) below on the income earned by the Damages Classes Settlement Fund shall be paid out of the Damages Classes Settlement Fund as provided in Paragraph 6 hereof.

(b) The following shall be paid out of the Damages Classes Settlement Fund: (i) all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Damages Classes Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendant or its counsel with respect to any income earned by the Damages Classes Settlement Fund for any period during which the Damages Classes Settlement Fund does not

qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) all expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph (collectively, "Tax Expenses").

(c)  In all events neither Defendant nor its counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  With funds from the Damages Classes Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendant and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Damages Classes Settlement Fund and shall timely be paid by the Escrow Agent out of the Damages Classes Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Recipients any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendant nor its counsel are responsible therefor, nor shall it have any liability therefor.  The Parties agree to cooperate with the Escrow Agent, each other, their tax attorneys and their accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

7.  **Distribution of Damages Classes Settlement Fund**.  Upon further order of the Court, the Notice and Claims Administrator, subject to the supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer and oversee distribution of the Damages Classes Settlement Fund to Authorized

Recipients pursuant to the Distribution Plan, which must be approved by the Court. Subject to the terms of this Agreement, the Distribution Plan and any order(s) of the Court, the Damages Classes Settlement Fund shall be applied as follows:

     (a) To pay all costs and expenses reasonably and actually incurred in connection with providing notice to the Classes, consistent with Paragraph 1(x), in connection with administration and distribution to Authorized Recipients, and in connection with paying escrow fees and costs as detailed herein, if any;

     (b) To pay the Taxes and Tax Expenses as defined herein;

     (c) To pay any Damages Fee and Expense Award that is allowed by the Court, subject to and in accordance with the Settlement Agreement; and

     (d) To distribute the balance to Authorized Recipients as allowed by the Agreement, the Distribution Plan or order of the Court.

8. **No Liability for Distribution of Settlement Funds**. Releasees will make reasonable efforts to facilitate Class Counsel's receipt of records necessary to identify Class Members. Neither the Releasees nor their counsel, however, shall have any responsibility for, or liability whatsoever with respect to, the distribution of the Damages Classes Settlement Fund, the Distribution Plan, the determination, administration or calculation of claims, the Settlement Fund's qualification as a "qualified settlement fund," the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any such matters. In addition to the releases set forth in Paragraphs 19 and 23 herein, the Releasors hereby fully, finally and forever release, relinquish, and discharge the Releasees and their counsel from any and all such liability. No Person shall have any claim against Plaintiffs, Class Counsel or the Notice and Claims Administrator based on the distributions made substantially in accordance with this Settlement Agreement, the Distribution Plan, or further orders of the Court.

9. **All Claims Satisfied by Damages Classes Settlement Fund.** Each Class Member shall look solely to the Damages Classes Settlement Fund for settlement and satisfaction, as provided herein, of all claims released herein. Except as provided by order of

the Court pursuant to this Settlement Agreement, no Class Member shall have any interest in the Damages Classes Settlement Fund or any portion thereof.

10.  **Balance Remaining in Damages Classes Settlement Fund.**  If there is any balance remaining in the Damages Classes Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), subject to Court approval, Class Counsel may distribute such balance in an equitable and economic fashion to Authorized Recipients.  In no event shall any portion of the Damages Classes Settlement Fund revert to Defendant.

D.  <u>**Preliminary Approval Order, Notice Order, Final Approval Hearing & Appeals**</u>

11.  **Reasonable Best Efforts to Effectuate This Settlement.**   The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.  In addition, Class Counsel agree to recommend approval of this settlement by the Court without qualification or condition not set forth herein.

12.  **Motion for Preliminary Approval.**  Class Counsel shall submit to the Court a motion for preliminary approval of the settlement and final judgment contemplated by this Settlement Agreement and for a stay of all proceedings in the Action against Defendant until the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters the Judgment.  The motion shall include: (a) the proposed forms of notice of the settlement to members of the Classes as detailed in Paragraph 13, and (b) the proposed form of order preliminarily approving this settlement.  Class Counsel shall provide Defendant's counsel with a draft of the motion for preliminary approval at least two (2) business days prior to filing.

13.  **Proposed Form of Notice.**  Along with the motion for preliminary approval, Class Counsel shall submit to the Court for approval a proposed form of, method for, and schedule for dissemination of notice to the Injunctive Relief Settlement Class Members and to

the Damages Settlement Classes.  The motion for preliminary approval shall recite and ask the Court to find that the proposed form of and method for dissemination of notice to the Classes constitutes valid, due, and sufficient notice to the Classes, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the Northern District of California's Procedural Guidance for Class Action Settlements.  Defendant shall be responsible for providing any notice that may be required by the Class Action Fairness Act of 2005.

14.   **Additional Notice.**  The Parties shall take reasonable steps to provide notice of the Injunctive Relief Settlement and the Damages Settlement (in a form approved by Class Counsel and the Court) to all Injunctive Relief Settlement Class Members and Damages Settlement Class Members. Defendant shall take all reasonable steps and make best efforts to notify its national member federations, including all national governing bodies for swimming that are members of Defendant, of the Injunctive Relief Settlement and the Damages Settlement. Defendant shall also take all reasonable steps and make best efforts to ensure that all member federations, including all national governing bodies for swimming that are members of Defendant, provide notice to all Injunctive Relief Settlement Class Members and Damages Settlement Class Members of the Injunctive Relief Settlement and the Damages Settlement.

15.   **Motion for Final Approval and Entry of Judgment.**  Class Counsel shall submit a motion for final approval of this Settlement Agreement by the Court, after notice to the members of the Classes, and shall seek entry of the final approval order ("Final Approval Order") and Judgment as set forth herein:

(a)   fully and finally approving the settlement contemplated by this Agreement and its terms as being fair, reasonable, and adequate to the Classes previously certified in this Action within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation pursuant to its terms and conditions;

(b)   entering the injunction contemplated by Appendix A;

(c)     finding that the notice given to the Class Members constituted the best notice practicable under the circumstances and complies in all respects with the requirements of Federal Rule of Civil Procedure 23 and due process;

(d)     directing that the Action be dismissed with prejudice as to all Released Claims as to the Releasees, after final approval is granted and any appeals are exhausted, and, except as provided for herein, without costs;

(e)     discharging and releasing the Releasees from all Released Claims;

(f)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and Class Members, of any other action against the Releasees in any court asserting any Released Claims;

(g)     reserving continuing and exclusive jurisdiction over enforcement of Paragraph 42 ("Consent to Arbitration") of this Agreement;

(h)     determining pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of a final judgment as to the Defendant; and

(i)     containing such other and further provisions consistent with the terms of this Agreement to which the parties expressly consent in writing.

Class Counsel shall provide Defendant's counsel with a draft of the motion for final approval at least five (5) business days prior to filing.

16.    **Stay Following Motion for Preliminary Approval.**    After the Settlement Agreement is presented to the Court for preliminary approval, the Parties shall cease all litigation activities in pursuing the Released Claims and any defenses related thereto other than those actions and activities necessary to effectuate the terms of this Settlement Agreement. The stay of litigation activities contemplated by this paragraph shall remain in effect unless and until the Court denies preliminary approval or final approval of this Settlement Agreement. Upon the date that the Court enters an order preliminarily approving this Settlement Agreement,

Plaintiffs and Class Members shall be barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind worldwide based on the Released Claims.

17.    **Time to Appeal.**    The time to appeal from an approval of this Settlement Agreement shall commence upon the Court's entry of the Judgment, regardless of whether or not an application for attorneys' fees and expenses has been submitted to the Court or resolved.

18.    **Impact of Appeal.**    The Injunctive Relief Settlement shall be effective as of the date of entry of the Final Approval Order, regardless of any appeal that may be taken of any or all of the Settlement Agreement, Final Approval Order, or Judgment in this Action. In the event of an appeal of any or all of the Settlement Agreement, Final Approval Order, or Judgment in this Action, the Injunctive Relief Fee and Expense Awards described in Paragraph 27 will be paid into the Escrow Account pursuant to that paragraph, and the settlement payments described in Paragraph 4 will be paid into the Escrow Account on the schedule set forth that paragraph. No payments shall be made to Class Members or Class Counsel until all appeals of this Action have been exhausted and the judgment entered in each becomes final and non-appealable.

### E.    Release of Injunctive Claims

19.    **Released Injunctive Class Claims.**    Upon and after the Effective Date, through the Injunctive Relief Settlement Term, the Releasors who are Injunctive Relief Class Members (regardless of whether any such Releasor ever seeks or obtains any recovery by any means) shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Injunctive Class Claims against the Releasees.

20.    **No Future Actions Following Release.**    The Releasors who are members of the Injunctive Relief Settlement Class shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain, or prosecute any suit, action, or complaint or collect from or proceed against the Defendant or any other Releasee (including pursuant to the Action) based

on the Released Injunctive Class Claims in any forum worldwide, whether on his, her, or their own behalf or as part of any putative, purported, or certified class.

21.    **Covenant Not to Sue.**  The Releasors who are members of the Injunctive Relief Settlement Class covenant and agree that they, and each of them, will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action, or collecting from, seeking to recover from, or proceeding against the Releasees in connection with any of the Released Injunctive Class Claims.   Plaintiffs and their counsel acknowledge that Defendant considers it to be a material term of this Settlement Agreement that all Injunctive Relief Settlement Class Members will be bound by the provisions of this release; *provided*, *however*, that should there be a breach of this covenant not to sue by any member of the Injunctive Relief Settlement Class, Plaintiffs and Class Counsel will cooperate with Defendant's efforts to seek the dismissal of any such claim or action.  The Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be sought by the Parties, or any one of them, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of any Releasors who are members of the Injunctive Relief Settlement Class with respect to the Released Injunctive Class Claims.

22.    **Waiver of California Civil Code §1542 and Similar Laws.**  The Releasors who are members of the Injunctive Relief Settlement Class acknowledge that, by executing this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Injunctive Class Claims, even Unknown Claims.  In furtherance of this intention, the Releasors who are members of the Injunctive Relief Settlement Class expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code §1542, as set forth in Paragraph 1(ll), or equivalent, similar, or comparable law of any state or territory of the United States, or principle of common law or any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the releases set forth in this Settlement Agreement.  The Releasors who are members of the Injunctive Relief Settlement Class acknowledge and hereby

expressly waive and release with respect to the Released Injunctive Class Claims any and all provisions, rights, and benefits conferred by California Civil Code §1542 or by any equivalent, similar or comparable law or principle of law in any jurisdiction.  The Releasors who are members of the Injunctive Relief Settlement Class may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Injunctive Class Claims, but these Releasors hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, foreseen or unforeseen, asserted or un-asserted, contingent or non-contingent, and accrued or unaccrued claim, loss, or damage with respect to the Released Injunctive Class Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts.  The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is contractual and not a mere recital.

## F.    Release of Damages Claims

23.    **Released Damages Claims.**  Upon the Effective Date, the Releasors who are members of the Damages Settlement Classes (regardless of whether any such Releasor ever seeks or obtains any recovery by any means) shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever released, relinquished and discharged all Released Damages Class Claims against the Releasees.

24.    **No Future Actions Following Release.**  The Releasors who are members of the Damages Settlement Classes shall not, after the Effective Date, seek (directly or indirectly) to commence, institute, maintain, or prosecute any suit, action or complaint or collect from or proceed against the Defendant or any other Releasee (including pursuant to the Action) based on the Released Damages Class Claims in any forum worldwide, whether on his, her, or their own behalf or as part of any putative, purported, or certified class.

25.    **Covenant Not to Sue.**  The Releasors who are members of the Damages Settlement Classes covenant and agree that they, and each of them, will forever refrain from instituting, maintaining, prosecuting, or continuing to maintain or prosecute any suit or action,

or collecting from, seeking to recover from, or proceeding against the Releasees in connection with any of the Released Damages Class Claims. Plaintiffs and their counsel acknowledge that Defendant considers it to be a material term of this Settlement Agreement that all Class Members who are members of the Damages Settlement Classes will be bound by the provisions of this release; *provided, however*, that should there be a breach of this covenant not to sue by any member of the Damages Settlement Class, Plaintiffs and Class Counsel will cooperate with Defendant's efforts to seek the dismissal of any such claim or action. The Parties contemplate and agree that this Agreement may be pleaded as a bar to a lawsuit, and an injunction may be sought by the Parties, or any one of them, preventing any action from being initiated or maintained in any case sought to be prosecuted on behalf of any Releasors who are members of the Damages Settlement Classes with respect to the Released Damages Class Claims. Claimants on the Damages Classes Settlement Fund shall execute a release of the Releasees as a condition precedent to receipt of any part of the Damages Classes Settlement Fund, but the failure of any claimant to execute such a release shall not in any way affect the validity of the release provided in this paragraph, and they shall nonetheless be bound by the terms of such release.

26. **Waiver of California Civil Code §1542 and Similar Laws.** The Releasors who are members of the Damages Settlement Classes acknowledge that, by executing this Agreement, and for the consideration received hereunder, it is their intention to release, and they are releasing, all Released Damages Class Claims, even Unknown Claims. In furtherance of this intention, the Releasors who are members of the Damages Settlement Classes expressly waive and relinquish, to the fullest extent permitted by law, any rights or benefits conferred by the provisions of California Civil Code §1542, as set forth in Paragraph 1(ll), or equivalent, similar, or comparable law of any state or territory of the United States, or principle of common law or any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the releases set forth in this Settlement Agreement. The Releasors hereby expressly waive and release with respect to the Released Damages Class Claims any and all provisions, rights and benefits conferred by California Civil Code §1542 or by any

equivalent, similar or comparable law or principle of law in any jurisdiction. The Releasors who are members of the Damages Settlement Classes may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Damages Class Claims, but these Releasors hereby expressly waive and fully, finally and forever settle and release any known or unknown, suspected or unsuspected, foreseen or unforeseen, asserted or un-asserted, contingent or non-contingent, and accrued or unaccrued claim, loss, or damage with respect to the Released Damages Class Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims in this paragraph is contractual and not a mere recital.

F.     **Attorneys' Fees & Expenses**

27.    **Injunctive Relief Fee and Expense Award.**

(a)    In satisfaction of all attorneys' fees, costs, and expenses incurred in prosecuting the claims of the Injunctive Relief Settlement Class, Defendant shall pay Class Counsel the stipulated Injunctive Relief Fee and Expense Award within forty-five (45) days of entry of the Final Approval Order, but in no event later than January 12, 2026 unless that day is fewer than 45 days after Final Approval.

(b)    In the event of an appeal of the Injunctive Settlement Agreement, the Injunctive Fee and Expense Award will be paid on the same schedule set forth in this Paragraph 6 into the Escrow Account to be established by counsel for the Plaintiffs; no payments shall be made to Plaintiffs' counsel until all appeals have been exhausted and the judgment becomes final and non-appealable. Prior to the Effective Date, any Injunctive Relief Fee and Expense Award shall be deposited into the Escrow Account, and paid to Class Counsel, plus any interest that may accrue, within ten (10) days of the Effective Date.

(c)    All of the above fee and expense applications and awards shall be independent of and considered separately from any fee or costs award that Class Counsel may seek with respect to the settlements of the damages claims in this Action or in any other action.

28.     **Damages Fee and Expense Awards**.  Class Counsel may submit an application or applications for distributions from the Damages Classes Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of expenses incurred in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses (until paid), as appropriate, and as may be awarded by the Court.  Defendant reserves the right to object to any fee application.

29.     No Damages Fee and Expense Awards shall be paid prior to the Effective Date. In no event shall Defendant or any other of the Releasees be liable to pay any fees, expenses, costs, or interest in connection with the settlement of the monetary damages claims of the Damages Settlement Classes, except to the extent they are approved by the Court and paid out of the Damages Classes Settlement Fund.

30.     **Award of Fees and Expenses Not Part of Settlement.**  The procedure for, and the allowance or disallowance by the Court of, the fee and expense applications described in Paragraphs 28-29 ("Fee and Expense Applications") are not part of the settlement set forth in this Agreement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Agreement.  Any order or proceedings relating to the Fee and Expense Applications, or any appeal from any Damages Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the settlement of the Action as set forth herein.  No order of the Court or modification or reversal on appeal of any order of the Court concerning any Damages Fee and Expense Award or Distribution Plan shall constitute grounds for cancellation or termination of this Agreement.

31.     **Other Fees and Expenses.**  Except as otherwise provided in this Settlement Agreement, each party shall bear its own costs and attorneys' fees.

G.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

32.    **Effective Date.**  The Effective Date of this Agreement shall be conditioned on the occurrence of all of the following events:

(a)    Defendant no longer has any right to terminate this Agreement or if it does have such right, it has given written notice to Class Counsel that it will not exercise such right;

(b)    the Court has finally approved the settlement as described herein, following notice to the Classes and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(c)    the Judgment has become "Final," meaning that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, the Judgment becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the Judgment has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Agreement, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining solely to any order issued with respect to an application for attorneys' fees and expenses consistent with this Agreement, shall not in any way delay or preclude the Judgment from becoming Final.  It is agreed that in determining the times for appeal, further appeal, or review, the provisions of Fed. R. Civ. P. 60 and of the All Writs Act, 28 U.S.C. § 1651, shall not be taken into account.

If all of these conditions are not met, then this Agreement shall be terminated, subject to and in accordance with Paragraphs 33-37.

33.    **Effect of Disapproval.**  If the Court refuses, preliminarily or otherwise, to approve the settlement or this Settlement Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the Judgment provided for in Paragraph 15 hereof, or if the Court enters the Judgment and appellate review is sought and, on such review, such Judgment is not affirmed in its entirety, Defendant and Class Counsel shall, at their sole discretion, each have the option to rescind, cancel, and terminate this Settlement Agreement.

34.    **Effect of Termination.**  In any event that this Agreement is terminated, this Agreement in its entirety shall be void and shall have no force or effect and shall be without prejudice to the rights and contentions of Releasees and Releasors in this or any other litigation. Any amounts expended for Notice and Administrative Costs are not recoverable if this settlement does not become final or is terminated.

35.    **Objections.**  Class Members who wish to object to any aspect of the settlement contained in this Settlement Agreement must file with the Court a written statement containing a description of the basis for their objection by the end of the period to object to the settlement that will be set by the Court.

36.    **Exclusions.** Any Class Member who wished to opt out of the Damages Settlement Classes did so on or before the exclusion/objection deadline specified in the notice to Class Members (the "Exclusion/Objection Deadline"). This deadline was set to 45 days starting from the conclusion of email notice dissemination (ECF Nos. 416, 411). Defendant agrees that an additional opt-out period is not required for the Damages Settlement Classes. In the event that the Court, in its discretion, determines an additional opt-out period is required for the Damages Settlement Classes, the following terms will apply:

(a) In order to become an Opt-Out, a Class Member must complete and send to the Notice and Claims Administrator a request for exclusion in compliance with the

Court's Order no later than the Exclusion/Objection Deadline. The request for exclusion must include any information specified in the notices to the Damages Settlement Class(es).

(b) Class Counsel shall cause copies of requests for exclusion from the Classes to be provided to Defendant's counsel. No later than fourteen (14) days after the Exclusion/Objection Deadline, Class Counsel shall provide Defendant's counsel a complete and final list of Opt-Outs. With the motion for final approval of the settlement, Class Counsel will file with the Court a complete list of Opt-Outs (the "Opt-Out List"). With respect to any Opt-Outs, Defendant reserves all of its legal rights and defenses, including, but not limited to, any defenses relating to whether the person qualifies as a Class Member and/or has standing to bring any claim.

(c) Defendant shall have the option to terminate this Agreement if the number of Opt-Outs equals or exceeds twenty-five percent (25%) of the total combined number of Class Members and Opt-Outs. After meeting and conferring with Class Counsel, Defendant may elect to terminate this Agreement by serving written notice on Class Counsel by email and overnight courier and by filing a copy of such notice with the Court no later than thirty (30) days before the date for the final approval hearing of this Agreement, except that Defendant shall have a minimum of ten (10) days in which to decide whether to terminate this Agreement after receiving the final Opt-Out List.

37. **Termination Consequences.** Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that Defendant elects to terminate this Agreement pursuant to Paragraphs 33-34:

(a) the Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective claims and defenses preserved as they existed on that date;

(b) the Escrow Agent shall, within ten (10) business days of termination of the Settlement Agreement, refund all amounts in the Escrow Account, less any expenditures authorized pursuant to Paragraphs 4-5 of this Settlement Agreement that were incurred prior to termination, to Defendant and the Escrow Account shall be closed;

(c) the terms and provisions of this Agreement shall be null and void and shall have no further force or effect with respect to the Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Action or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect);

(d) any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*; and

(e) the Court shall set a new schedule for the Action.

H.    **No Admission of Liability**

38.    **Final and Complete Resolution.**  The Parties intend the settlement as described in this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action and Released Claims and to compromise claims that are contested, and it shall not be deemed an admission by any Party as to the merits of any claim or defense or any allegation made in the Action.  Without limiting the foregoing, for the avoidance of doubt, Defendant denies any liability in connection with Plaintiffs' claims in the Action and this Agreement may not be construed to be an admission of liability or wrongdoing by Defendant in this Action or any other action or proceeding.

39.    **Federal Rule of Evidence 408.**  The Parties agree that this Agreement, its terms and the negotiations surrounding this Agreement and any earlier agreements between the Parties shall be governed by Federal Rule of Evidence 408 and shall not be admissible or offered or received into evidence in any suit, action, or other proceeding, except upon the written

agreement of the Parties hereto, pursuant to an order of a court of competent jurisdiction, or as shall be necessary to give effect to, declare, or enforce the rights of the Parties with respect to any provision of this Agreement.

40.    **Use of Agreement as Evidence.**  Neither this Agreement, nor negotiations related thereto, nor any act performed or document executed pursuant to or in furtherance of this Agreement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, any allegation made in the Action, or any wrongdoing or liability of the Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this Agreement, nor negotiations related thereto, nor any act performed or document executed pursuant to or in furtherance of this Agreement, shall be admissible in any proceeding for any purpose, except as to enforce the terms of this Agreement, and except that the Releasees may file this Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and/or to seek the transfer to this Court of, or enjoin, any action purporting to assert any Released Claims.  The limitations described in this paragraph apply whether or not the Court enters the Preliminary Approval Order, the Final Approval Order, or the Judgment.

I.    **Miscellaneous Provisions**

41.    **Voluntary Settlement.**  The Parties agree that the terms of the settlement as described in this Agreement were negotiated in good faith by the Parties under the supervision of an experienced mediator and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

42.    **Consent to Arbitration.**  All disputes regarding this Agreement and its enforcement shall be subject to binding arbitration before either Jeffrey Mishkin or another

arbitrator mutually selected by the Parties. If necessary, a party may seek injunctive relief in aid of enforcing this Paragraph 42 and the enforcement of any arbitration award in the Northern District of California, for which the Court shall retain jurisdiction. Defendant, Plaintiffs, and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding, or dispute arising out of or relating to this Paragraph 42. Solely for purposes of such suit, action, or proceeding, to the fullest extent that they may effectively do so under applicable law, Defendant, Plaintiffs, and the Class Members irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding, or dispute arising out of or relating to this Paragraph 42 or the applicability of this Paragraph 42.

43. **Binding Effect.** This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their heirs, executors, administrators, representatives, agents, successors, and assigns and any corporation into or with which any corporate party hereto may merge or consolidate. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs and Class Counsel shall be binding upon all Class Members.

44. **Intended Beneficiaries.** No provision of this Settlement Agreement shall provide any rights to, or be enforceable by, any person or entity that is not a Plaintiff, Class Member, a Releasee, or Class Counsel. No Plaintiff, Class Member, Defendant, or Class Counsel may assign or otherwise convey any right to enforce any provision of this Settlement Agreement.

45. **Authorization to Enter Agreement.** Each of the undersigned representatives of Defendant represents that he or she is fully authorized to enter into and to execute this Agreement on behalf of the Defendant. Class Counsel, on behalf of Plaintiffs and the Classes, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Classes pursuant to this Agreement to effectuate

its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of Plaintiffs and the Classes that they deem appropriate.

46. **No Conflict Intended.** Any inconsistency between this Settlement Agreement and the Appendices attached hereto shall be resolved in favor of this Settlement Agreement. The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

47. **Mutual Drafting.** None of the parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

48. **Governing Law.** This Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, under federal common law, and the rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with, and governed by, federal common law.

49. **Amendment; Waiver.** This Agreement shall not be modified in any respect except by a writing executed by Defendant and Class Counsel and approved by the Court, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

50. **Integrated Agreement.** This Settlement Agreement (and its appendices) contains an entire, complete, and integrated statement of each and every term and provision agreed to by the Parties hereto, and is not subject to any condition not provided for herein. This Settlement Agreement supersedes any and all prior and contemporaneous undertakings of Plaintiffs and Defendant in connection herewith. The Class Members, Class Counsel, and Defendant, or any of them, may hereafter discover facts other than or different from those that he, she, they, or it knows or believes to be true with respect to the subject matter of this

settlement, but the subsequent discovery or existence of such different or additional facts shall have no bearing on the validity of this Settlement Agreement once executed and shall not serve as a basis for any Party to challenge or otherwise seek to rescind, terminate, or cancel the settlement.

51.    **Execution in Counterparts.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties to this Agreement shall exchange among themselves signed counterparts and a complete set of executed counterparts shall be filed with the Court.

52.    **Appendices.**  All of the appendices hereto are an integral part of this Agreement and of the agreement of the Parties thereto.

53.    **Public Disclosure.**  Except for disclosure required by law, the Parties will consult with each other with a view towards coordinating the timing of any public disclosure concerning the fact that this Settlement Agreement has been reached or the terms of this Agreement.

54.    **Notices.**  All notices under this Agreement shall be in writing.  Each such notice shall be given either by (a) e-mail; (b) hand delivery; (c) registered or certified mail, return receipt requested, postage pre-paid; (d) FedEx or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be addressed to Class Counsel at their addresses set forth below, and if directed to Defendant, shall be addressed to their attorneys at the addresses set forth below or such other addresses as Class Counsel or Defendant may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

If to Class Counsel, address notice to:

    Jeffrey L. Kessler
    Johanna Rae Hudgens
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    jkessler@winston.com
    jhudgens@winston.com

    Jeanifer E. Parsigian

WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
jparsigian@winston.com

If to Defendant, address notice to:

**World Aquatics**
Brent J. Nowicki
Executive Director
Chemin de Bellevue 24a/24b
CH - 1005 Lausanne
Switzerland

With a copy to:

Christopher S. Yates
Aaron T. Chiu
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
chris.yates@lw.com
aaron.chiu@lw.com

or to such other persons or addresses as the Parties hereto may designate in writing.

55.   **Confidential Materials.**  The Parties agree to comply with Sections 4 and 16 of the Protective Order entered in the Action (*see* ECF No. 135) at the conclusion of the Action.

56.    IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the Execution Date.

PLAINTIFFS' CLASS COUNSEL, on behalf of Plaintiffs individually and on behalf of the Classes

DATED: August 29, 2025

By: _____
Jeffrey L. Kessler (*pro hac vice*)
Johanna Rae Hudgens (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: 212-294-6700
Facsimile: 212-294-4700
jkessler@winston.com
judgens@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

DEFENDANT WORLD AQUATICS

DATED: August 29, 2025

By: _____
Aaron T. Chiu

Christopher S. Yates (SBN 161273)
Aaron T. Chiu (SBN 287788)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

# APPENDIX A

## Injunctive Relief Settlement

1. <u>Definitions</u>.

(a)     "AQUA" means World Aquatics, the international sports federation recognized by the International Olympic Committee for administering international competition in aquatic sports and the Swiss association organized and existing in accordance article 60, *et seq.*, of the Swiss Civil Code.

(b)     "Swimmer" means any person who qualifies to compete in AQUA World Championships swimming competitions or Olympic Games swimming competitions, or any swimmer who is a member of an AQUA National Federation.

(c)     "Independent Organizer" means any entity including the International Swimming League, Ltd. ("ISL"), that is neither a member of AQUA nor in any way related to or affiliated to AQUA that seeks to promote, stage, or otherwise host swimming competitions involving any Swimmer.

(d)     "Sanctioned Event" means any swimming competition or event either directly organized by AQUA, an AQUA National Federation, and/or an AQUA Continental Organization, or otherwise organized, sponsored, and/or hosted by an Independent Organizer with the sanction of AQUA or the sanction of an AQUA National Federation or an AQUA Continental Organization and, where applicable, the approval of AQUA.

(e)     "Private Event" means any swimming competition or event organized, sponsored, or otherwise hosed by an Independent Organizer including

ISL that has not obtained the sanction of AQUA or of an AQUA National Federation, or an AQUA Continental Organization and, where applicable, the approval of AQUA.

2.  <u>AQUA Treatment of Sanctioned Events</u>.  If an AQUA National Federation or an AQUA Continental Organization applies to AQUA seeking approval of a swimming competition organized, sponsored, or otherwise hosted by ISL or any other Independent Organization, AQUA shall approve and register the swimming competition in the AQUA World Aquatics Calendar (the "Calendar"), provided that, at a minimum, the following conditions set forth in Parts 1 and 2 of the World Aquatics Competition Regulations and Section 26 of the World Aquatics Constitution are fulfilled:

(a)  Observance of AQUA Rules and eligibility criteria for participants as set forth in Parts 1 and 2 of the World Aquatics Competition Regulations and Section 26 of the World Aquatics Constitution, provided that the eligibility rules are the same eligibility rules as AQUA applies to its own events;

(b)  Avoidance of conflicting dates with Olympic Games, AQUA World Championships, the AQUA World Swimming Championships (25m), and AQUA Swimming World Cups already scheduled on the Calendar.

(c)  Implementation of anti-doping rules compliance with AQUA Doping Control Rules and the World Anti-Doping Code (available at https://www.wada-ama.org/en/resources/the-code/world-anti-doping-code).

3.      <u>Swimmer Participation in Sanctioned Events</u>.  A Swimmer's participation in any Sanctioned Event shall not be subject to any restriction.

4.      <u>AQUA Treatment of Private Events</u>.  AQUA will not maintain or enforce any rule, policy, or practice that restricts the organization of Private Events.

5.      <u>Swimmer and AQUA National Federation Participation in Private Events</u>. AQUA will not maintain or enforce any rule, policy, or practice that restricts or penalizes any Swimmer's, AQUA National Federation's or AQUA Continental Organization's participation in any Private Events.  Participation in any Private Event will not give rise to sanctions by AQUA of the Swimmer, AQUA National Federation, or AQUA Continental Organization.  Notwithstanding participation in any Private Events, a Swimmer must still satisfy AQUA's qualification criteria and rules for participation in AQUA's World Championship and Olympic Games events.

6.      <u>Recognition of Results</u>.

(a)  <u>Sanctioned Events</u>.  Results achieved by a Swimmer at Sanctioned Events shall be recognized by AQUA and will be part of AQUA's official results.

(b)  <u>Private Events</u>.  Results achieved by a Swimmer at Private Events shall be recognized by AQUA and will be part of AQUA's official results as long as the Private Events complies with the eligibility, doping, facility requirements, and any other competition regulations (including the World Aquatics Competition Regulations) set forth by AQUA that AQUA applies to its own events.