Jeffrey L. Kessler (*pro hac vice*)
Johanna Rae Hudgens (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
jkessler@winston.com
jhudgens@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
jparsigian@winston.com

*Class Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS A. SHIELDS AND KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FÉDÉRATION INTERNATIONALE DE NATATION,<br><br>Defendant. | Case No. 3:18-cv-07393-JSC (N.D. Cal.)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVES**<br><br>Hearing Date: February 26, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Jacqueline Scott Corley<br>Courtroom: 8, 19th Floor |

## I. INTRODUCTION[1]

Defendant's arguments opposing Class Counsel's request for an attorneys' fees award are illogical, even by their own terms. Class Counsel seeks only 25% of the Damages Classes Settlement Fund, using both the method preferred in the Ninth Circuit for common fund settlements and the benchmark percentage used in those cases. Yet Defendant makes the irrational argument that the percentage of the fund is almost 90%, and thus unreasonable, based on an entirely separate award for attorneys' fees relating to the injunctive class settlement that Defendant itself negotiated and that Defendant will pay directly without any impact on the damages classes. That stipulated amount to resolve attorneys' fees expended on behalf of the Injunctive Relief Settlement Class is not a "percentage of the fund" at all and Defendant is not in any position to object to that amount which it agreed to. And, to put this all in perspective, there is no dispute that even accounting for both the injunctive class fee amount and the 25% of the Damages Classes Settlement Fund that Class Counsel requests, Class Counsel will still end up with a negative multiplier for its loadstar in a case in which it obtained more than 100% of damages and comprehensive injunctive relief. The Court should have no trouble finding that these fee requests are more than reasonable.

Defendant has already agreed that Class Counsel's request for fees from the common fund must be "considered separately" from the Injunctive Relief Fee and Expense Award. ECF No. 423-1, Ex. 1, Settlement Agreement ¶ 17(c). And it does not seriously dispute the validity of the fee assessment methods Plaintiffs propose, which are typical for this Circuit in common fund cases and where injunctive relief is stipulated and its value cannot be easily quantified. Defendant instead urges a rejection of the fee request based on, "at minimum," using a "combined" cross-check that has never been required by the Ninth Circuit and is not supported by any of the cases Defendant cites.

Defendant does not provide any basis for this Court to depart from Ninth Circuit standards when reviewing separate fee requests for injunctive relief and damages classes. Indeed, Defendant acknowledges one court that awarded attorneys' fees separately for an injunctive class settlement and for a damages class settlement, using the same fee assessment methods that Plaintiffs propose that the Court

---

[1] Defendant does not object to the request for costs or for the request for class representative awards. However, it is unclear whether Defendant is asking the Court to deny the *entire* request for attorneys' fees, including its negotiated fee for the Injuctive Relief Settlement, or whether it challenges *only* the separate fee request for the Damages Settlement amounting to 25% of the Damages Settlement Fund. Plaintiffs address the reasonableness of both fee requests here.

use here. But Defendant ignores another recent case which similarly assessed the reasonableness of fee requests separately for an injunctive relief class and damages classes. *In re Coll. Athlete NIL Litig.*, Case No. 20-cv-03919-CW, 2025 WL 3171376 (N.D. Cal. July 11, 2025). The reason that Defendant does not mention this reasoned decision by Judge Wilken may be because counsel for Defendant here was also one of the defense counsel in that case, yet they did not advocate before Judge Wilken for the unprecedented "combined" fee inquiry that they have invented to oppose the fee request here.

Under Ninth Circuit law, the stipulated attorneys' fee for the work performed on behalf of the Injunctive Relief Class is unquestionably reasonable. Defendant asks this Court to reject the request for attorneys' fees that Defendant itself agreed to pay on the basis that the value of the Injunctive Relief Settlement is "inherently speculative" and thus should be valued at zero. This makes no sense. Defendant itself valued the injunctive relief provided by agreeing to pay the $3 million in fees, which was less than half the loadstar that Class Counsel incurred to obtain the injunctive relief. Further, while the precise value of the injunctive relief may be difficult to assess, there can be no doubt that providing the injunctive class with a competitive marketplace in the future has significant value, as illustrated by the increase in prize money which class members received as a result of the entry of ISL. By any measure, the Court should find the stipulated injunctive relief fee, which is not being paid by class members, to be reasonable.

The Court should also easily find reasonable Class Counsel's request for the standard fee award in the Ninth Circuit of 25% of the Damages Settlement Fund. Indeed, because of the extraordinary results achieved by Class Counsel for the damages classes—with a settlement totaling more than 100% of estimated damages—a larger percentage request would have been justified. There has rarely been a settlement like this, where the settlement fund for the 2018 Damages Settlement Class provides for over 200% of damages and the settlement fund for the 2019 Damages Settlement Class provides for 127.9% of the damages. The lodestar cross-check, while not required, shows a negative multiplier and further supports a fee award from the common fund at the Ninth Circuit's standard fee award benchmark. It is little wonder that not a single member of the damages class has filed an objection to the fee request.

Finally, Defendant's argument that Class Counsel's lodestar is not reliable because it does not include line-item level detail, or precisely split up each hour between work done on behalf of the Injunctive Relief or Damages classes, is without merit. Class Counsel worked tirelessly in the district court and in

the Ninth Circuit to prove Defendant's liability under the antitrust law—work necessary to achieve the settlement results for both the Injunctive Relief and Damages Settlement Classes. Although some attorney work was specific only to damages, liability work was common for both damages and injunctive relief. The level of detail Class Counsel has provided in support of its fee request is sufficient to calculate a negative lodestar, which more than justifies the fee requests. Even when a loadstar is used as a reasonableness check, it does not require "mathematical precision." *In re Optical Disk Drive Prods. Antitrust Litig.,* No. 10-MD-02143-RS, 2021 WL 4124159, at *2 (N.D. Cal. Sept. 9, 2021). It is, frankly, outrageous for Defendant to suggest that Class Counsel is seeking a "windfall," when Class Counsel will not even recover an amount that, considering both fee requests together, comes close to its lodestar. Both fee requests, and the request for class representative service awards and costs (which are not contested by Defendant) should be granted.

## II. ARGUMENT

### A. Ninth Circuit Law Does Not Recognize, Much Less Mandate, The "Integrated" "Cross-Check" That Defendant Argues Here

Rather than applying the fee assessment methods used in the Ninth Circuit to separately evaluate injunctive relief and damages relief fee requests,[2] Defendant argues for an unprecedented fee assessment methodology in this Circuit, in which the Court would take an "integrated" approach to reviewing Class Counsel's fee requests, that should, "at minimum," involve a "a cross-check tethered to the combined consideration conferred and the results actually achieved." Opp. 3. This approach should be rejected.

To begin with, Defendant itself agreed, in the Settlement Agreement, that the Injunctive Relief Fee and Expense Award "shall be independent of and considered separately from any fee or costs award that Class Counsel may seek with respect to the settlements of the damages claims in this Action." Settlement Agreement ¶ 27(c). Further, there is not a single case in the Ninth Circuit that has ever called for such an integrated approach to assessing the reasonableness of separate fee requests for an injunctive relief settlement and a separate damages class settlement. To the contrary, the requirement of a "cross check" has repeatedly been rejected. *See Farrell v. Bank of Am. Corp., N.A.*, 827 F. App'x 628, 631 (9th Cir.

---

[2] *See* Mot. 9 (citing *Relente v. Viator, Inc.*, 2015 WL 3613713, at *2 (N.D. Cal. June 9, 2015) (reasonableness of injunctive relief fees "typically" reviewed under lodestar method) and *In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2018 WL 4790575, at *2 (N.D. Cal. Sept. 21, 2018) (in request for fees paid from monetary fund, percentage-of-the-fund is "preferred")).

1  2020) (Ninth Circuit has "consistently refused to adopt a crosscheck requirement.").

2  Defendant makes the absurd claim that Class Counsel is requesting a fee award that amounts to 90% of the common fund, which it deems "far higher than typical percentage-of-the-fund fee[s] awarded" and "irreconcilable with the Ninth Circuit's jurisprudence." Opp. 3. But, as this Court knows, Class Counsel is making no such request that 90% of the Damages Settlement Fund be paid to Class Counsel. Instead, Class Counsel seeks only the standard Ninth Circuit fee award from the damages class settlement fund of 25%. The separate injunctive relief fee request of $3 million will be paid by, and has been agreed to, by the Defendant. Not one dollar of this injunctive relief fee payment will come out of the damages settlement fund or form the pockets of any class member. The entire premise of Defendant's 90% argument is thus demonstrably false. *See generally* ECF 428 ("Motion").

Moreover, Defendant fails to address the well-reasoned basis for the Ninth Circuit's preferred methods for assessing the reasonableness of fee requests with respect to both injunctive relief and damages classes. Far from being a "defect," (Opp. 3), reviewing fees requests for the injunctive relief class and the damages classes separately permits the Court to consider the value of the relief to each class and to account for factors typical in each type of award, such as the inability to assign a precise monetary value to injunctive relief, the potential for an excessive fee for counsel in a "megafund" damages case, and the bargained-for value assigned to attorney work in a stipulated fee award paid for by a Defendant (not the class). *See e.g.*, Mot. 9-11, 22.[3]

The proper approach to separately assessing the reasonableness of fee requests for both an injunctive relief class and separate damages classes was recently applied by Judge Wilken in a case cited by Plaintiffs, but completely ignored by Defendant in its opposition. *In re Coll. Athlete NIL Litig.*, 2025 WL 3171376, at *1-2. There, even though the injunctive relief had ascertainable monetary value, Judge Wilken nevertheless performed one reasonableness review for the injunctive relief fee award, and a separate reasonableness review for the fees request relating to the damages classes, that would be paid for

---

[3] This approach also mirrors the independent negotiation that Class Counsel undertook to ensure that there would be no conflict between the classes, or between the classes and class counsel. Mot. at 11 (quoting *In re Apple Computer, Inc.*, 2008 WL 4820784, at *3); *see also* ECF No. 427 at 6 (this Court noting the need to determine whether "class counsel have allowed pursuit of their own self-interests infect the negotiations") (quoting *Briseño v. Henderson*, 998 F.3d 1014, 1023 (9th Cir. 2021)).

out of the settlement funds. *Id.* The reason Defendant does not address this recent precedent from a sister court within this district may be because its counsel was also one of the defense counsel in *In re College Athlete NIL Litigation*, yet it did not file any objection in that case to the fee assessment methodology applied by Judge Wilken, which also accepted the same level of detail in the billing and attorney fee rates to support the lodestar calculation as Class Counsel has provided here.

Another case that supports the separate fee assessment methods proposed by Class Counsel are the decisions in *White v. Experian Information Solutions, Inc.*, which went so far as to issue separate orders on the same day addressing the separate fee requests.[4] Like here, the relief for each class in *White* was distinct and independently negotiated. ECF No. 423 at 5–6. The *White* court's separate fee inquiries resulted in similar relief to that which Class Counsel requests here: a damages class fee award equal to 25% of the Damages Settlement Fund, and a separate injunctive class fee award equal to the stipulated amount agreed to by the parties. *White I*, 2011 WL 2971836; *White II*, 2011 WL 2971957. The fact that the damage class fund in *White* was, as Defendant points out, larger in *White I* than it is here, has no bearing on the reasonableness of the fee requests here, where Class Counsel is seeking 25% of a damages fund that far exceeds 100% of the estimated damages, a result at least as great a success in this complex antitrust case as the class recovery was in *White*.

Defendant's argument that the injunctive relief fee award for the injunctive relief class should be lumped together with the damages class fee award for the damages classes and then measured together as a percentage of the damages fund would subvert the policy of the antitrust laws to provide for the award of attorneys' fees for the recovery of both injunctive and damages relief. Section 16 of The Clayton Antitrust Act makes attorneys' fees mandatory for the award of injunctive relief alone precisely because "antitrust cases are normally very expensive to bring and maintain and claims for injunctive relief by nature provide no prospect of money damages." *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1136–37 (9th Cir. 2008); *see also* Mot. 8-9. The award of fees for a damages recovery is separately provided by Section 4 of the Clayton Act. 15 U.S. Code § 15(a). Each fee award stands on its own and is intended to reward counsel for the enormous efforts required to obtain either type of relief.

---

[4] Opp. 4; *White v. Experian Information Solutions, Inc. (White I)*, No. SACV 05-1070 DOC, 2011 WL 2971836 (C.D. Cal. July 15, 2011); *White v. Experian Information Solutions, Inc. (White II)*, No. SACV 05-1070 DOC, 2011 WL 2971957 (C.D. Cal. July 15, 2011).

Defendant's purported concerns about Class counsel receiving a "windfall" should be dismissed out of hand. **First**, even combining the two fee awards together, Class Counsel will have a negative multiplier and receive less than its lodestar. *See* Mot. 12, 22. **Second**, the Ninth Circuit already accounts for any "windfall" concern by using the 25-percent presumption for common fund percentage of recovery awards and cross-checking against the lodestar to ensure that such an award is not merely a factor of the size of the class with no relationship to the efforts of counsel. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) ("[A] crosscheck using the lodestar method can confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate.") (internal marks omitted). As set forth in both the preliminary approval motion and motion for Class Counsel's fees, costs, and service awards here, Class Counsel's fee requests fall squarely within the reasonableness tests applied by the Ninth Circuit, which Defendant does not seriously challenge in its opposition.

**B.    The Stipulated Injunctive Relief Fee Award that Defendant Agreed to Pay is Reasonable**

Defendant does not dispute that it stipulated to the amount of fees for work performed on behalf of the injunctive relief class, and that this amount was negotiated only after the monetary settlements were reached on behalf of the Damages Classes. Opp. 2. It also does not dispute the law in the Ninth Circuit that a stipulated fee amount paid for by a defendant warrants significant deference. Mot. 10 (quoting *In Re Ring LLC Priv. Litig.*, 2024 WL 2845978, at *6 (C.D. Cal. May 28, 2024) and *In re Apple Computer, Inc. Derivative Litig.*, 2008 WL 4820784, at *3 (N.D. Cal. Nov. 5, 2008)). Instead, Defendant argues that the attorneys' fees are not justified because the Injunctive Relief Settlement is merely "incremental" and thus, in Defendant's estimation, it should be given zero value. That is wrong for three reasons.

**First**, the Injunctive Relief Settlement provides the Injunctive Relief Class with significant value. It does far more than "simply memorialize[] policy changes World Aquatics already put into place in 2019." Opp. 6. As has been argued *ad nauseum* in this case, World Aquatics' choice to limit its potential exposure by removing General Rule 4.5, which mandated draconian penalties against swimmers who participated in unsanctioned events, was made only under the cloud of litigation and could be revoked at any time. The injunctive relief granted prevents that from ever happening. Even more significantly, the relief provided to the Injunctive Relief Class extends far beyond simply enjoining the reinstatement of Rule 4.5–it provides for comprehensive injunctive relief opening up the market to future competition. The

Injunctive Relief provided by the Settlement frees up the market to future competition in a myriad of ways, including by prohibiting World Aquatics from restricting in any way or penalizing any swimmer **or federation** for participating in unsanctioned swimming events; by requiring that World Aquatics recognize swimmers' times/results in unsanctioned events that meet appropriate standards; and by requiring World Aquatics to approve and register events with a World Aquatics sanction if they meet appropriate standards. Mot. 13-16; *see, e.g.*, ECF No. 423-1, Ex. 1, App'x A, Injunctive Relief Settlement ¶ 4 (World Aquatics "will not maintain or enforce any rule, policy, or practice that restricts the organization of Private Events."), ¶ 6(b) (World Aquatics "shall recognize" results achieved by swimmers at unsanctioned events). ¶ 2(b) (World Aquatics "shall approve" events if not conflicting with certain already scheduled Tier 1 events). Moreover, these requirements binding World Aquatics' decision-making will be made publicly available so that World Aquatics will not be able to evade them by claiming it has other rules that can be used to prevent competition in the future. *See* Settlement Agreement ¶¶ 2-3.[5] Defendants cannot credibly dispute the value of this future competition to the Injunctive Relief Class.

*Second*, Defendant has no response to the caselaw cited by Plaintiff, which explains why it would be improper to conduct a cross-check of an injunctive relief fee award against a common damages fund in a manner which would consider the injunctive relief valueless. *See* Mot. 13 n.6. Defendant fails to offer any way in which the Court could accurately assess the precise value of the injunctive relief here and perform a cross-check using a percentage of the fund method. Mot. 12; *Relente*, 2015 WL 3613713, at *3. Indeed, Defendant concedes that nonmonetary relief may be considered in a fee award "only if its value is 'accurately ascertained.'" Opp. 5 (quoting *Hamilton v. Juul Labs, Inc.*, No. 20-cv-03710-EMC, 2021 WL 5331451, at *8 (N.D. Cal. Nov. 16, 2021); *see also Staton v. Boeing Co.*, 327 F.3d 938, 946 (9th Cir. 2023) (district court abused its discretion by including an estimated value of the proposed injunctive relief in the value of the putative fund).

*Third*, Defendant itself has already agreed that $3 million is an appropriate award for Class Counsel's work securing relief for the Injunctive Relief Class, because it negotiated that fee with Class

---

[5] *Compare* Settlement Agreement, App'x A *with*, *e.g.*, Competition Regulation Part 1, Article 2.3.1 (setting out "policy" that events held within 30 days before of Tier 1 event require World Aquatics consent); By-Law 4.2.9 (World Aquatics will not undertake disciplinary action against athletes, with no mention of national federations).

Counsel in arms-length negotiations with the assistance of a highly experienced mediator. ECF No. 423-1, ¶¶ 6-9. Defendant agreed to pay that amount itself, notwithstanding that it had already negotiated the monetary settlements for each of the Damages Settlement Classes and its knowledge that Class Counsel would also seek a separate fee award from the Damages Settlement Fund. Opp. 2. Defendant has no basis to reverse course and seek to escape its obligation to pay Class Counsel the fee amount set forth in the Settlement Agreement to compensate for the work undertaken for the Injunctive Relief Settlement Class.

**C.   Class Counsel's Request for a 25% Fee Award from the Common Fund is Consistent with Ninth Circuit Precedent and Not Duplicative Under a Lodestar Cross-Check**

Defendant does not seriously engage with the reasonableness factors that the Ninth Circuit has held to be applicable when assessing whether a percentage-of-the-fund fee request is appropriate. Here, Class Counsel's request for 25% of the Damages Settlement Fund is supported by an in-depth discussion of the reasonableness factors set forth by the Ninth Circuit. Mot. 17-22 (addressing the exceptional results for the Settlement Classes, the risks and challenges posed by the litigation, and the financial and other burdens assumed by Class Counsel to support the requested fee). For example, Defendant does not even try to dispute the fact that Class Counsel obtained exceptional results for the Damages Settlement Classes—the "most important factor" in determining the reasonableness of an attorneys' fee award. *In re NCAA GIA Cap Antitrust Litig.*, 2017 WL 6040065, at *3 (N.D. Cal. Dec. 6, 2017). Nor could Defendant contest this critical point when the damages settlement provides 200% of damages to the 2018 Damages Class and 127.9% of the damages for the 2019 Damages Class. These results are nothing short of extraordinary for an antirust class action settlement. Mot. 18; ECF Nos. 423 at 26-27, 427 at 8.

Defendant's only argument for finding the requested 25% attorneys' fee award unreasonable under the "percentage-of-the-fund" method is based on its absurd contention that Class Counsel is actually seeking an award of 90% of the settlement fund. As already discussed above, not a penny of the $3 million Injunctive Relief Fee and Expense Award will come out of the settlement fund or the pockets of any class member. Defendant's 90% argument—which has no factual or case law support—should be rejected out of hand. Its cited cases either do not discuss awards for injunctive relief classes at all, or they involve situations in which the monetary value of injunctive relief is ascertainable and can be used to assess whether a larger recovery is warranted form the damages settlement fund—situations which have no

relevance here.[6]

**D.   Class Counsel's Request for Fees Is Reasonable Under a Lodestar Cross-Check**

Defendant's final argument against the fee request is its claim that the calculation of Class Counsel's lodestar is "flawed and unreliable." But Defendant ignores the fact that the methodology used by Class Counsel for calculating the lodestar and presenting support for it here is consistent with Ninth Circuit case law and is the same methodology that Judge Wilken recently approved in the NCAA litigation. *See, e.g.*, *Lobatz*, 222 F.3d 1142, 1148 (9th Cir. 2000) (finding no abuse of discretion where district court did not conduct a "more intensive inquiry" into counsel's summaries of time spent on the case); *Glass v. UBS Fin. Servs., Inc.*, 331 F. App'x 452, 456 (9th Cir. 2009) ("[T]he district court properly performed an informal lodestar cross-check."); *In re Coll. Athlete NIL Litig.*, Case No. 20-cv-03919-CW, ECF Nos. 583-1, 583-3. Defendant points to no Ninth Circuit case law that requires attorneys to provide "contemporaneous descriptions of tasks, staffing, and time allocations" to determine the reasonableness of fees that are either stipulated to and paid for by a defendant or based on reasonable percentage of the fund request. The work performed by Class Counsel's team is set forth in sufficient detail for this Court to determine that its request for fees is reasonable, and the Ninth Circuit does not require more. *Id*. The lodestar is merely a cross-check to "ensure that class counsel has done the work necessary to justify the fee." *In re Capacitors Antitrust Litig.*, 2018 WL 4790575, at *6. Moreover, although some attorney work contained in the billing summaries was specific to the relief obtained on behalf of the Damages Settlement Classes, all of the work done by Class Counsel to prove liability supported the relief obtained by both the damages and injunctive relief classes. To ask Class Counsel to provide a line-by-line review and attempt to delineate the two would be extraordinary and pointless.

---

[6] *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049, 1051 (9th Cir. 2002) (finding appropriate a percentage-of-the-fund award resulting in a lodestar multiplier of 3.65 and noting merely that "[i]ncidental or nonmonetary benefits… are a relevant circumstance" in support of fee); *Lobatz v. U.S. W. Cellular of Cal., Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000) (approving fee awards for counsel based on percentage of the fund using summaries of time records and accounting for award based on prior monetary settlement with another defendant); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, No. 3:07-cv-05634-CRB, MDL No. 1913, 2019 WL 6327363, at *5–6 (N.D. Cal. Nov. 26, 2019) (reviewing percentage of the fees request by reviewing total monetary settlement fund across all defendants and awarding attorneys' fees at 25% of net settlement funds); *Herrera v. Wells Fargo Bank, N.A.*, No. 8:18-cv-00332-JVS-MRW, 2021 WL 9374975 at *11–12 (C.D. Cal. Nov. 16, 2021) (applying ascertainable value of injunctive relief to denominator for purposes of determining total common fund, but finding fees reasonable with or without its inclusion).

1 It is also unnecessary; lodestar calculations do not require the "mathematical precision" or the "bean-counting" that Defendant seeks here. *In re Optical Disk Drive Prods. Antitrust Litig.,* No. 10-MD-02143-RS, 2021 WL 4124159, at *2 (N.D. Cal. Sept. 9, 2021). Where, as here, the fee request (under each method, and combined) is less than the lodestar, the resulting "negative multiplier" strongly supports the reasonableness of the fee request. *See* Mot. at 12, 22 (citing cases). Indeed, courts have repeatedly confirmed the reasonableness of fee awards based on a percentage of damages recovery without engaging in the detailed, line-by-line review that Defendant advances here. *See In re Coll. Athlete NIL Litig.*, 2025 WL 3171376, at *1 & n.2 (declining to perform discretionary reasonableness cross-check because doing so was not necessary to confirm the reasonableness of fees); *Ahmed v. HSBC BankANK USA*, 2019 WL 13027266, at *6 (C.D. Cal. Dec. 30, 2019) (finding that a lodestar cross-check is not required); *In re Capacitors Antitrust Litig.*, 2018 WL 4790575, at *6 (dispensing with the lodestar cross-check by noting counsel's cumulative lodestar in comparison to the fees sought, prior fees awards, and the common use of lodestar multipliers).

Defendant provides no basis to support their baseless and ad hominem contentions that Class Counsel's time records contain "duplication, overstaffing, block billing, or administrative time embedded in attorney hours" that would justify disapproving Class Counsel's fee request. Opp. 7; *see also id.* 5, 7, 8. The negative multiplier experienced by Class Counsel is so substantial that it is frivolous for Defendant to argue that detailed time records should be reviewed by the Court to perform a cross-check that is discretionary and which most courts in the Ninth Circuit forego entirely when a reasonable 25% of fund request is made. Nonetheless, should this Court require further information to support its fee request, Counsel will, of course, provide it.[7]

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards for Class Representatives be granted.

---

[7] Defendant appears to have abandoned their objection to Class Counsel using 2025 rates. ECF No. 430 at 2. Such a method is reasonable given the delay in receiving any recovery. *Vizcaino*, 290 F.3d at 1051 ("Calculating fees at prevailing rates to compensate for delay in receipt of payment was within the district court's discretion.") (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992)); *In re Coll. Athlete NIL Litig.*, 2025 WL 3171376 (approving a fee award based on current rates). In any event, employing a lodestar using prevailing market rates for each year of the litigation here would be over $5.6 million, and thus still result in a negative multiplier.

1  Dated: November 25, 2025

Respectfully submitted,

By: */s/ Jeffrey L. Kessler*
    Jeffrey L. Kessler *(pro hac vice)*
    Johanna Rae Hudgens *(pro hac vice)*
    WINSTON & STRAWN LLP
    200 Park Avenue
    New York, NY 10166-4193
    Telephone: (212) 294-6700
    Facsimile: (212) 294-4700
    jkessler@winston.com
    jhudgens@winston.com

Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street, 21st Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

*Class Counsel for Plaintiffs*