# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

THOMAS A. SHIELDS AND KATINKA HOSSZÚ, on behalf of themselves and all others similarly situated,

     Plaintiffs,

  vs.

WORLD AQUATICS,

     Defendant.

Case No. 3:18-cv-07393-JSC (N.D. Cal.)

**[PROPOSED] FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE AS TO DEFENDANT WORLD AQUATICS**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.    Final judgment is **ENTERED** in accordance with the terms of the Settlement Agreement (ECF No. 423-2) and the Court's Order Re: Motion for Final Approval and Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 446). Terms and phrases in the Judgment will have the same meaning as in the Settlement Agreement.

2.    The Court has personal jurisdiction over Plaintiffs and the Classes and subject matter jurisdiction to approve the Settlement Agreement. Final approval of the Settlement Agreement was granted on April 1, 2026. ECF No. 446 at 19.

3.    The Court dismisses on the merits and with prejudice this Action against Defendant World Aquatics, including the claims of Plaintiffs and the claims of the Classes pursuant to the terms of the Settlement Agreement, with each party to bear its own costs and attorneys' fees, except as provided in the Settlement Agreement and the Court's Order Re: Motion for Final Approval and Motion for Attorneys' Fees, Expenses, and Service Awards. ECF No. 446.

4.    Two members of the Classes—Alia Atkinson and Chad le Clos—timely and validly requested exclusion from the Damages Settlement Classes, and therefore they are excluded from the Damages Settlement Classes. Such persons are not included in or bound by this Judgment solely as it relates to the Damages Settlement for which they opted out. Such persons are not entitled to any recovery of the settlement proceeds obtained in connection with the Settlement Agreement.

5.    The Settlement Agreement between the Parties is attached hereto as **Exhibit A**.

6.    The Court hereby enters the Final Permanent Injunction attached hereto as **Exhibit B**. Defendant is accordingly enjoined and restrained as set forth in Exhibit B.

7.    The Releasees shall be discharged and released from the Released Claims pursuant to the terms of the Settlement Agreement. The Settlement Agreement is binding on, and will have res judicata and preclusive effect according to the terms of the Settlement Agreement in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasors with respect to the claims released by the Settlement Agreement. Plaintiffs and Members of the Classes shall be

permanently barred and enjoined from instituting, commencing, prosecuting, or asserting any claim released pursuant to the terms of the Settlement Agreement.

8. Consistent with the Parties' Settlement Agreement, this Court retains exclusive jurisdiction only for the specific purpose of any suit, action, proceeding, or dispute arising out of or relating to the Parties' consent to arbitration or to enforce an arbitration award as stated in the Settlement Agreement.

9. This document will constitute a final judgment (and a separate document constituting the judgment) for purposes of Rule 58 of the Federal Rules of Civil Procedure. Without affecting the finality of the Judgment in any way, and consistent with the terms of the Settlement Agreement, this Court hereby retains jurisdiction on the terms described above and in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  April 7, 2026

_____
The Honorable Jacqueline Scott Corley
United States District Court Judge